BOARD OF EDUCATION OF CITY OF DETROIT *v.* GETZ.

1. JUDGES—DISQUALIFICATION—PECUNIARY INTEREST.
   The interest which will disqualify a judge from sitting in a case must be such an interest in the subject matter that he will be directly affected through pecuniary or property gain or loss (3 Comp. Laws 1929, § 13888, as amended by Act No. 37, Pub. Acts 1941).

2. SAME—CONDEMNATION PROCEEDING—FACULTY MEMBER.
   The mere fact that judge in condemnation proceeding by city board of education to obtain land for public use by university was a member of the faculty of such university *held,* too remote and indirect an interest to disqualify him from presiding in advisory capacity to jury (3 Comp. Laws 1929, § 13888, as amended by Act No. 37, Pub. Acts 1941).

3. EMINENT DOMAIN—JURY—JUDGE IN ADVISORY CAPACITY.
   In condemnation proceeding the jury is the sole judge of the law and the facts and the presiding judge acts only in an advisory capacity.

4. SAME—MOTION FOR MISTRIAL—DISQUALIFICATION OF JUDGE—PRESENCE OF JURY—DISCRETION OF COURT.
   Permitting jury to remain during hearing and decision on motion for mistrial because of alleged disqualification of judge *held,* within discretion of the judge, especially where alleged ground for disqualification was too remote and indirect (3 Comp. Laws 1929, § 13888, as amended by Act No. 37, Pub. Acts 1941).

Appeal from Recorder's Court for the City of Detroit; Krause (Paul E.), J. Submitted June 16, 1948. (Docket No. 53, Calendar No. 44,116.) Decided June 29, 1948.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am. Jur., Judges, § 57.
[1] Residence or ownership of property in city or other political subdivision which is party to or interested in action as disqualifying judge. 33 A.L.R. 1322.
[1, 2] Application of maxim of *"De minimis non curat lex,"* to disqualification of judge. 44 A.L.R. 168, at p. 191.
[2] 30 Am. Jur., Judges, § 65.
[3] 18 Am. Jur., Eminent Domain, § 362.

In the matter of the petition of the Board of Education of the City of Detroit for condemnation of property. Rose Getz made motion for mistrial because judge was disqualified. Motion denied. Defendant appeals. Affirmed.

*Raymond J. Kelly, Clarence E. Page* and *Andrew De Maggio,* for plaintiff.

*Norman M. Snider,* for defendant.

BOYLES, J.  The board of education of the city of Detroit filed a petition in the recorder's court for said city, seeking to condemn certain described real property for public use by Wayne university. In the course of the hearing on this petition before a jury, with Judge Paul E. Krause of the recorder's court presiding, testimony was adduced showing that Judge Krause was a member of the faculty of Wayne university. Thereupon counsel for Rose Getz, the owner of a contract interest in one of the six parcels involved in the proceeding, moved the court to declare a mistrial on the ground that Judge Krause was disqualified by interest from presiding at the hearing before the jury. The court denied the motion, later denied a motion for a new trial based on the same ground, and Rose Getz appeals.

Judge Krause admitted that he had been a member of the faculty of Wayne university for at least 15 years. There was no claim of any ground for his disqualification except the foregoing fact. Judge Krause was not shown to be a stockholder, officer or trustee of Wayne university, or in any way connected with its management or control; and there was no showing that he had any pecuniary interest in said condemnation proceeding or that the outcome of said proceeding had any bearing on his personal gain or loss.

The statutory grounds on which a judge is disqualified on the basis of being a party or because of interest or prejudice are as follows:

"No judge of any court shall sit as such in any cause or proceeding in which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties." 3 Comp. Laws 1929, § 13888, as amended by Act No. 37, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 13888, Stat. Ann. and Stat. Ann. 1947 Cum. Supp. § 27.466).

The interest which will thus disqualify a judge must be such an interest in the subject matter that he will be directly affected through pecuniary or property gain or loss. *In re Petition of Farber,* 260 Mich. 652. We have held that the fact that a judge was receiving a salary from a municipality as such judge does not necessarily disqualify him from sitting in an action against said city. *Prawdzik* v. *City of Grand Rapids,* 313 Mich. 376 (165 A. L. R. 1165).

"The fact that a judge receives a portion of his salary from a county which is a defendant and cross-complainant in an action before him does not create such a personal interest as would disqualify him from presiding at the trial or from ruling on a motion for new trial, where no matter of public interest or public policy which would work such a disqualification is shown." *Priddel* v. *Shankie* (syllabus), 69 Cal. App. (2d) 319 (159 Pac.[2d] 438).

The mere fact that Judge Krause was a member of the faculty of Wayne university, without other showing, is too remote and indirect to disqualify him from acting as the presiding judge in said condemnation proceeding.

Appellant claims that the court erred in hearing and deciding her motion in the presence of the jury, over counsel's objection. There is no showing that

the jury was prejudiced thereby. In a condemnation proceeding the jury is the sole judge of the law and the facts and the presiding judge acts only in an advisory capacity. *In re Widening of Bagley Avenue*, 248 Mich. 1; *In re Huron-Clinton Metropolitan Authority's Petition as to Belleville Lake Park Project*, 306 Mich. 373.

In view of our conclusion that the motion was without merit we also conclude that it was within the discretion of the judge to permit the jury to remain during the hearing and decision on the motion.

Judgment affirmed and the case remanded.

Bushnell, C. J., and Sharpe, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.