BENDER *v.* ZOBA.

1. JUDGMENT—CORRECTION OF DECREE.
   A court of chancery has the power to direct the alteration or correction of a decree (CLS 1961, § 600.2321; GCR 1963, 528.1, 865.1[7]).

2. SAME—CORRECTION OF MISTAKE IN DECREE—QUIETING TITLE—DESCRIPTION OF PREMISES.
   Mistake in legal description of land in decree entered in suit to quiet title, rather than a misunderstanding as to the land to be included, is ordered to be corrected by entry of 1 judgment accurately and adequately describing the property in question, the Supreme Court treating both first and second suits to quiet title as 1 proceeding with the second suit as no more than a second and delayed motion to correct mistake in decree entered in first suit (CLS 1961, § 600.2321; GCR 1963, 528.1, 865.1[7]).

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ADVERSE POSSESSION.
   Claim of adverse possession presented by defendants in second suit to quiet title between the same parties relating to the same premises *held,* saved for review in event defendants decide to appeal from decree as corrected.

4. COSTS—NEITHER PARTY PREVAILING IN FULL.
   No costs are allowed on appeal in second suit to quiet title wherein neither party has prevailed in full.

Appeal from Lake; Stephens (Rupert B.), J. Submitted March 2, 1965. (Calendar No. 59, Docket No. 50,687.) Decided July 13, 1965.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 30A Am Jur, Judgments §§ 591, 592, 596.
[3] 5 Am Jur 2d, Appeal and Error § 545.
[4] 20 Am Jur 2d, Costs § 16.

Bill by Joseph Bender against Anthony J. Zoba and Velda Brown Keith, as well as their unknown heirs, devisees, legatees, wives, and assigns, to quiet title to real estate improperly described in a prior circuit court decree. Judgment for plaintiff. Defendants appeal. Affirmed.

*Eugene Christman,* for plaintiff.

*Nelson M. Willis,* for defendants.

SMITH, J. This is the second suit between the parties about the same property. In the first suit, through misdescription, the decree did not contain all of the property awarded. That this was a mistake of plaintiff's counsel is acknowledged by defendants and confirmed by the trial judge. This, the second suit, was brought to correct the mistake, and defendants raised the defense of *res judicata.* The chronicle of unfortunate events appears in the trial court's opinion in the instant case:

"This matter was previously before the court and after the trial an opinion was rendered therein, which is presently on file. During the course of the *former* proceedings, *the court inspected the premises and was of the opinion that the proofs, as well as the tangible evidence, clearly preponderated in the plaintiff's favor.* Due to an error in the bill of complaint which was included in the decree, the plaintiff was not awarded all of the land covered by the proofs and testimony. *The error involved a faulty legal description of the premises rather than a misunderstanding as to the land to be included.*

"Thereafter, plaintiff filed a motion to amend the decree to which objection was made by the defendants. Arguments were heard on the motion and the parties were to file briefs. A brief was filed on behalf of the defendants, although *one was not filed*

*for the plaintiff.   After some considerable delay, an
order was entered dismissing the motion.*

"Thereafter, plaintiff again instituted a suit to
quiet title, correctly describing the premises to
which defendants filed a motion to dismiss.  This
motion was overruled for reasons set forth in an
opinion also on file and the parties proceeded to
trial upon the merits.   *   *   *

"In the instant case, plaintiff is seeking relief
which the court had decided they were entitled to
and had awarded him in its original opinion.  *The
error consists in this court's denial of plaintiff's peti-
tion to amend the decree in accordance with that
opinion."*  (Emphasis supplied.)

Under circumstances in this case, there is no ques-
tion of *res judicata* but of simple procedural justice,
of how to correct the mistake made in the decree
in the first suit.  Neither is this Court nor the trial
court lacking in authority.  By the common law of
Michigan, by statute and by court rule, the authority
is ample.

By earliest authority, a court of chancery has had
the power to direct the alteration or correction of
a decree.  *Bates* v. *Garrison,* Harr Ch p 221.  See,
also, *Cole* v. *Auditor General,* 132 Mich 262.  As to
statutory authority, see Stat Ann 1962 Rev § 27A-
.2321 (CLS 1961, § 600.2321), and cases annotated
under notes 17 *et seq.*  As to authority under court
rules, see GCR 1963, 528.1.  The trial court was not
lacking in authority to correct the mistake in the
court's decree.

The question before us now is what to do in this,
the second suit, about a mistake occurring in the
decree in the first suit, technically not before us.
The answer, we think, is found in GCR 1963, 865-
.1(7):

: "The Supreme Court may, at any time, in addition to its general powers, in its discretion and on such terms as it deems just: * * *.

"(7) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, whether mentioned in the notice of appeal or not, as the case may require."

Here, the mistake is professed and conceded. Both parties had knowledge of the mistake, and the party against whom the mistake was made tried to have it corrected. The trial judge has acknowledged his error in refusing to correct the decree when first moved by plaintiff. There appearing to be no reason why the mistake should not be corrected, this Court treats both first and second suits as one proceeding. The second suit is treated as no more than a second and delayed motion to correct the mistake in the decree entered in the first suit. It is hereby ordered that the decree and the judgment appearing in said suits in the files of the Lake county circuit be corrected by the entry of one judgment accurately and adequately describing the property in question.

Obviously, the record and briefs before us do not permit resolution of the question alluded to by defendants, as to whether the trial court was factually and legally correct in deciding for plaintiff on the adverse possession claim. It is clear that defendants have contested plaintiff's position throughout the proceedings and, therefore, have not waived their essential defense against the claim of adverse possession. Such defense shall be considered as having been saved in the event defendants seek review in accordance with the court rules. The record in both suits shall be considered as one, in the event of appeal. Time shall run from the date of entry of the amended judgment.

Remanded for further proceedings in accordance with this opinion. No costs; neither party having prevailed.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, O'HARA, and ADAMS, JJ., concurred with SMITH, J.

BLACK, J., concurred in result.