VLASIC FOODS COMPANY *v.* RUSSEK.

1. CORPORATIONS—LIABILITY OF OFFICERS—STATUTES—FAILURE TO FILE ANNUAL REPORTS.

Statute relating to the liability of officers for debts contracted by a corporation whose charter has been suspended for failure to properly file its annual report is not applicable where the corporate charter has become void for failure to file an annual report for a period of 2 consecutive years (CL 1948, §§ 450.87, 450.91).

2. SAME—STATUTES—POWERS OF DEFUNCT CORPORATIONS. ·

A corporation whose charter has become void for failure to file an annual report for 2 consecutive years remains in existence for certain expressed purposes, but is explicitly prohibited from continuing its business (CL 1948, § 450.75).

3. SAME—SUMMARY JUDGMENT—COURT RULES—DEFUNCT CORPORATION—LIABILITY OF OFFICERS.

Summary judgment for plaintiff *held*, error, where entered on complaint seeking judgment against defendants pursuant to a statute establishing liability on the part of officers for debts contracted by a corporation whose charter has been suspended for failure to file a timely annual report, where the record established that the charter had, instead, become void for failure to file an annual report for 2 consecutive years, since the statute suspending corporate powers is separate and distinct from that causing the charter to be void, and where there is no provision establishing liability on the part of corporate officers for debts incurred by a void corporation (CL 1948, §§ 450.87, 450-.91; GCR 1963, 117.2[1], 117.3, 820.1[7]).

Appeal from Oakland; Beer (William John) J. Submitted Division 2 April 5, 1967, at Lansing.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 19 Am Jur 2d, Corporations § 1365 *et seq.*
[2] 19 Am Jur 2d, Corporations § 1622.

(Docket No. 2,460.)   Decided July 10, 1967.   Leave to appeal granted September 7, 1967.   See 379 Mich 777.

Vlasic Foods Company filed its complaint in the Royal Oak Municipal Court against Dorothy Russek, Martin L. Bishop, and Richard M. Bishop, seeking monies claimed to be due to plaintiff as the result of sales of merchandise to a corporation of which defendants were officers. Judgment for plaintiff. Defendants Bishop appealed to the circuit court. Summary judgment for plaintiff. Defendants Bishop appeal. Reversed.

*John F. Muller, (Lewis Brooke, Jr.,* of counsel), for plaintiff.

*Frederick J. Prost,* for defendants.

QUINN, P. J.   On the basis that defendants had failed to state a valid defense to plaintiff's claim against them (GCR 1963, 117.2[2]), the trial judge granted plaintiff summary judgment. Defendants Bishop appeal and question the propriety of such action by the trial court as well as its award of $250 attorney fees and costs to plaintiff. In its counterstatement of questions involved, plaintiff first asks whether its complaint states a cause of action pursuant to CLS 1961, § 450.82 (Stat Ann 1963 Rev § 21.82) and CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87).[1]

---

[1] The former statute provides for filing annual corporate reports, payment of filing and annual privilege fees and the content of such reports. The latter statute is as follows:

"Sec. 87.   (1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of state shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration

The action was orignally tried in Royal Oak municipal court on written complaint which alleged the cause of action as follows:

"And defendants are individuals who were officers and directors of Village Food Service, Inc., which was originally chartered as a corporation under the laws of the State of Michigan, but which corporate charter became void on May 15, 1965, for the reason that said corporation had failed to file its annual reports and pay the statutory privilege and filing fees, as required by the Michigan statutes.

2. That between the dates of June 4, 1965, and June 29, 1965, plaintiff sold and delivered goods, wares and merchandise to the defendants in the amount of $1,450.15 and upon defendants' promise to pay for same. At this time defendants were operating a business under the style of Village Food Service after said corporation's charter was void.

3. That there remains due and owing from defendants to the plaintiff the sum of $1,450.15 plus interest at the rate of 5% per annum from July 1, 1965, to October 1, 1965, in the amount of $18.13 which although often demanded, the defendant has failed, refused and neglected to pay."

Attached to the complaint were plaintiff's statement addressed to "Village Food Service, Inc. Adams Village Mkt., 1137 Adams, Birmingham, Michigan," together with invoices for the items contained on the statement, all of which were ad-

---

of such extension, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this state upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business. Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

dressed to "Adams Village Market, 1137 Adams, Birmingham, Mich."

For answer to this complaint, defendants Bishop alleged as follows:

"These defendants neither admit nor deny the allegations pleaded in the complaint except as follows:

"(a) Defendant, Richard M. Bishop, was the vice-president of Village Food Service, Inc., but took no part in the operation of the business and received no compensation whatsoever and that it was not his obligation or responsibility to file or cause to be filed the annual report to the State of Michigan.

"(b) That defendant, Martin L. Bishop, was the president of Village Food Service, Inc., a Michigan corporation, and that the company received from its accountant the said annual report on or about May 8, 1965, and that said return was delivered to the defendant, Dorothy Russek, the secretary and treasurer of the said corporation, with directions that she sign and file the same but that she failed to do so and defendant, Martin L. Bishop, performed every action within his power to cause the return to be filed."

Trial in municipal court resulted in a joint and several judgment against defendants in plaintiff's favor from which defendants Bishop appealed to circuit court. In the latter court, plaintiff filed a pretrial statement basing its claim of liability on CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87), moved for summary judgment and attached to the motion a certificate from the Michigan Corporation & Securities Commission indicating the charter of the Village Food Service, Inc., became void May 15, 1965 under CL 1948, § 450.91 (Stat Ann 1963 Rev § 21.91).[2]

---

[2] This statute provides in pertinent part as follows:
"Sec. 91. If any profit corporation which has heretofore been, is

Believing answer to plaintiff's first counter-statement of questions involved is dispositive of this case, we treat it first. The certificate referred to above clearly demonstrates that the corporate powers of Village Food Service, Inc., were not suspended under the provisions of section 450.87, *supra*; the charter was void under the provisions of section 450.91, *supra*. Since the provision relied on by plaintiff to establish defendants' liability is contained in section 450.87, *supra,* and is not contained in section 450.91, *supra,* the provision is inapplicable.

In addition, Village Food Service, Inc., became a defunct corporation May 15, 1965, except for those purposes expressed in CL 1948, § 450.75 (Stat Ann 1963 Rev § 21.75). *Bruun* v. *Cook* (1937), 280 Mich 484. Section 450.75 explicitly excludes continuing business from such purposes. Hence, the claim of plaintiff which began June 4, 1965, could not be a debt of the corporation and the provision of section 450.87, *supra,* relied on by plaintiff is inapplicable. This leads us to the conclusion that plaintiff's complaint fails to state a claim upon which relief can be granted.

Reversed. Pursuant to GCR 1963, 820.1(7), 117.2(1) and 117.3 judgment for defendants may enter in this Court. This result obviates discussion of the cost issue raised on this appeal. Defendants may recover their costs.

McGREGOR and A. C. MILLER, JJ., concurred.

now or may hereafter be required to file its annual report with and pay a privilege fee to the secretary of state, shall for 2 consecutive years neglect or refuse to file such report and/or to pay such fee, the charter of such corporation shall be absolutely void, without any judicial proceedings whatsoever,"