## JEFFERSON MAINTENANCE COMPANY *v.* DETROIT ELECTROTYPE COMPANY.

### OPINION OF THE COURT.

1. JUDGMENT—NUNC PRO TUNC—PARTIAL SUMMARY JUDGMENT—CORRECTION OF ERRORS.

   Entry of partial summary judgment against one defendant, *nunc pro tunc*, following erroneous entry of summary judgment against all defendants, the filing of a claim of appeal from the erroneous summary judgment, and the assumption of jurisdiction over the subject matter by the Court of Appeals *held*, proper, since a trial court has specific authority, by statute, to correct clerical errors (CLS 1961, §§ 600.2311, 600.2315[8], 600.2321; GCR 1963, 802.1).

2. SAME—SUMMARY JUDGMENT—AFFIDAVITS—PLEADING.

   Court rule relating to summary judgment on the ground that there is no genuine issue as to a material fact must be determined on the basis of affidavits or other proof, and it is not sufficient to resist such motion, supported by affidavits or other proofs, by relying solely upon averments set forth in the pleadings (GCR 1963, 117.2[3], 117.3).

3. SAME—SUMMARY JUDGMENT—AFFIDAVITS.

   Motion for summary judgment on the ground that there is no genuine issue as to a material fact, when supported by affidavits or other proof, requires that the opposing party come forward with affidavits or other proof of his own to establish that a genuine issue of material fact does exist in order to resist the entry of summary judgment in favor of the moving party (GCR 1963, 117.2[3], 117.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments § 591 *et seq.*
[2–9] 41 Am Jur, Pleading § 340 *et seq.*
[10] 41 Am Jur, Pleading § 292.
[11] 5 Am Jur 2d, Appeal and Error § 760 *et seq.*

4. Same—Partial Summary Judgment—Affidavits.

Partial summary judgment for plaintiff in plaintiff's action against defendant to recover rental due under a written lease *held*, proper, where defendant admitted the lease, but denied the amount due, claiming that plaintiff had reoccupied a portion of the premises, plaintiff admitted partial reoccupancy of the premises, submitting an affidavit as to the rental value of the space occupied in support of its motion for summary judgment, and defendant, in opposing said motion for summary judgment, not only failed to submit affidavits or other proofs of its own, but also made no request for a hearing on the issue of damages before the trial court, and made no objection whatsoever on the record to the court's determination as to damages (GCR 1963, 117.2[3], 117.3).

DISSENTING OPINION.

LEVIN, J.

5. Judgment—Motion for Summary Judgment—Court Rules.

*Applicable court rule relating to summary judgment incorporates not only the former summary judgment court rule, but also the court rule pertaining to former motions to dismiss (GCR 1963, 117; Court Rules No 17, § 7, and No 30 [1945]).*

6. Same—Motion for Summary Judgment—Court Rules.

*Court rule relating to summary judgment provides that a motion therefor shall state which of the various grounds is relied on by the party seeking summary judgment, so that the defendant to such a motion and the court can know the ground upon which it is based (GCR 1963, 117.2).*

7. Same—Motion for Summary Judgment—Court Rules.

*No affidavits are required in opposition to a motion for summary judgment on the ground that the opposing party has failed to state a valid defense to a claim asserted against him, since the reason for the relief requested must, if at all, appear on the face of the pleading so attacked (GCR 1963, 117.2[2]).*

8. Same — Motion for Summary Judgment — Affidavits — Court Rules.

*Affidavits submitted by a party in support of his motion for summary judgment on the ground that the opposing party has failed to state a valid defense to a claim asserted against him do not entitle the moving party to summary judgment merely because the opposing party fails to respond by counter-affi-*

*davits or other proofs, since the reason for the relief requested must, if at all, appear on the face of the pleading so attacked (GCR 1963, 117.2[2]).*

9. SAME — MOTION FOR SUMMARY JUDGMENT — AFFIDAVITS — COURT RULES.

*Summary judgment against defendant for amount claimed due by plaintiff under written lease, granted on the basis that there was no genuine issue as to any material fact held, improper, where defendant's pleadings admitted lease but claimed plaintiff had reoccupied all or a portion of the premises and that the rental value for the space so reoccupied was in dispute and plaintiff submitted affidavits in support of its motion for summary judgment setting forth the value of the space reoccupied to which defendant made no reply by affidavit or otherwise, since (1) the applicable court rule requires that a motion for summary judgment set forth the specific ground on which such relief is sought, (2) defendant's pleadings put in issue the question of damages, and (3) there is no duty to reply to affidavits submitted in support of a motion for summary judgment on the ground that the opposite party has failed to state a valid defense because such issue must be determined from the pleadings alone (GCR 1963, 117.2[2], 117.3).*

10. PLEADING — AMENDMENT.

*Leave to amend pleadings should be freely given when justice so requires (GCR 1963, 118).*

11. APPEAL AND ERROR — PLEADING.

*The Court of Appeals does not attempt to decide the validity of a pleaded defense where such determination is not necessary to a decision of the issue presented on appeal.*

Appeal from Wayne; Moynihan (Joseph A., Jr.), J. Submitted Division 1 December 13, 1966, at Detroit. (Docket No. 991.) Decided October 3, 1967.

Complaint by Jefferson Maintenance Company, a Michigan corporation, against Detroit Electrotype Company, a Michigan corporation, Detroit-City Electrotype & Graphic Service, Inc., a Michigan corporation, Robert H. Kennedy, Myrtle H. Ken-

nedy, Melville H. Kennedy, Jr., Robert H. Dodd and Philip Nusholtz, seeking damages from Detroit Electrotype Company for breach of a written lease, together with other relief from remaining defendants. Summary judgment for plaintiff against Detroit Electrotype Company. Detroit Electrotype Company appeals. Affirmed.

*Grossman & Grossman,* for plaintiff.

*Watson, Lott & Wunsch,* for defendant.

BURNS, J. Plaintiff leased the fourth floor of a building to the Detroit Electrotype Company. Before the expiration of the lease, Detroit Electrotype vacated the premises and thereafter failed to pay the stipulated monthly rental. Plaintiff commenced an action against the defendants based on different theories which were set forth in separate counts of the complaint. This appeal concerns only count 1 wherein plaintiff sought recovery of the accumulated rental payments under its written lease with Detroit Electrotype, hereinafter referred to as the appellant.

Plaintiff filed a motion for summary judgment and affidavits in support thereof. The record indicates that appellant submitted no affidavits or other pertinent proofs in opposition to the motion. At the proceedings on the motion, the circuit judge directed that a partial summary judgment be entered against Detroit Electrotype. However, when the judgment was signed on May 27, 1965, it mistakenly ordered that plaintiff recover the partial judgment from *all* the defendants.

On June 15, 1965, defendants filed their claim of appeal in this Court and paid their filing fee, thereby giving the Court of Appeals jurisdiction. GCR

1963, 802.1. On June 28, 1965, the circuit judge, after being apprised of the error in the May 27th judgment, granted a partial summary judgment *nunc pro tunc* which corrected the former judgment by ordering recovery only against appellant.

Although we do not condone such a practice, it was not reversible error for the trial court to enter the judgment *nunc pro tunc,* despite our assumption of jurisdiction over the subject matter. See *Hershel Radio Co.* v. *Pennsylvania R. Co.* (1955), 344 Mich 75; CLS 1961, §§ 600.2311, 600.2315(8), 600.2321 (Stat Ann 1962 Rev §§ 27A.2311, 27A.2315[8], 27A-.2321).

The ground for granting the partial summary judgment was that there was no genuine issue as to any material fact. GCR 1962, 117.2(3). Appellant claims that there were issues of material fact, regarding the amount of damage raised by its pleadings.

In its initial answer appellant admitted it did not pay the rent according to the lease. Further, appellant stated it vacated the premises and did not have any knowledge as to the use made of the premises by plaintiff nor any knowledge as to plaintiff's attempts to mitigate its damage. In addition appellant claimed it left $2,500 worth of air-conditioning equipment in the building; however, the appellant did not allege that plaintiff obstructed or prevented it from removing said air-conditioning equipment.

Plaintiff's reply to affirmative matters in appellant's answer alleged that it had unsuccessfully attempted to rent the premises. Thereupon, the appellant responded by denying that plaintiff had been unable to rent and by claiming that plaintiff itself had reoccupied the premises and had unilaterally attempted to set the amount of credit to be given

appellant for such reoccupancy, which amount was not agreeable to appellant. Attached to this response was an invoice from plaintiff for the May rental showing a credit of $145.83 for space utilized by plaintiff.

Plaintiff's motion for summary judgment was supported by affidavits. Appellant, however, failed to support its claims by opposing affidavit or other relevant proof as required by *Durant* v. *Stahlin (Appeal in re Van Dusen, Elliott, Romney)* (1965), 375 Mich 628, where Justice Souris at pp 655, 656 set forth the following criteria:

"Rule 117.3 makes clear that determination of a motion for summary judgment asserting, under Rule 117.2(3), that there is no genuine issue as to a material fact must be determined on the basis of 'the affidavits or other proof' and that it is not sufficient to resist such a motion, if the motion is supported by affidavits or other proofs, to rely solely upon the averments pleaded by the party opposing the motion. While such reliance may be placed upon pleadings in urging or resisting summary judgment based upon Rule 117.2(1) or (2), when the summary judgment sought asserts the absence of a genuine issue of material fact under Rule 117.2(3) and is supported by affidavit or other proofs, the opposing party must come forward with affidavits or other proofs of his own to establish that a genuine issue of material fact does exist."

Appellant failed to meet its burden in this respect; no genuine issue of material fact was raised by the appellant. When the trial court considered the amount of damages at the hearing on the motion for summary judgment, appellant made no request for a hearing on the issue of damages, offered no proofs regarding the amount of damages and made no objection on the record to the court's determination.

Therefore, the partial summary judgment against Detroit Electrotype is affirmed.  Costs to appellee.

Lesinski, C. J., concurred with Burns, J.

Levin, J. (*dissenting*).  Although entitled "motion for summary judgment", GCR 1963, 117 incorporates not only the former summary judgment court rule[1] but also the court rule pertaining to motions to dismiss.[2]

A motion for summary judgment on the ground that there is no genuine issue as to any material fact is now covered in subdivision (3) of Rule 117.2 (GCR 1963, 117.2(3)).  Motions to dismiss for failure to state a claim or valid defense are now covered in subdivisions (1) and (2), respectively, of that rule (GCR 1963, 117.2[1][2]).  So that the respondent to such a motion and the court can know whether it is based on one ground or another, the rule provides that the motion "shall state" which of the grounds is relied on.[3]  In my opinion the ground *stated* in plaintiff's motion is that expressed in GCR 1963, 117.2(2)—failure to state a valid defense; and not (3)—absence of a genuine issue as to any material fact.

Plaintiff's motion for summary judgment *states* that plaintiff moves for a summary judgment "for the reason that the defendants' answer *fails to state*

---

[1] See Court Rule No 30 (1945), for the prior rule.

[2] See Court Rule No 17, § 7 (1945), for the prior rule.

[3] ".2 Grounds.  The motion for summary judgment *shall state* that the moving party is entitled to judgment in his favor because of any 1 of the following grounds:

(1) the opposing party has failed to state a claim upon which relief can be granted,

(2) the opposing party has failed to state a valid defense to the claim asserted against him,

(3). that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law."  GCR 1963, 117.2.  (Emphasis added.)

*a valid defense,* and the defendants have not denied any of the material matters alleged in the complaint, but only such immaterial matters not pertinent to the issues and *not constituting a defense* to the plaintiff's claim." (Emphasis added.)

The matter is of importance in this case because the trial judge and this Court have decided against the defendant because defendant failed to present affidavits establishing that there is a genuine issue of fact. But no such affidavit is required or permitted where the motion is based on an alleged failure to state a valid defense.

"As under our former dismissal practice for failure of the plaintiff to state a cause of action, motions for summary judgment under Rule 117.2(1), based upon the ground that the opposing party has failed to state a claim upon which relief can be granted, need no affidavit in support, for the simple reason that the ground for the relief requested must, if at all, appear on the face of the pleading so attacked. The same is true of a motion for summary judgment under Rule 117.2(2), based upon the ground that the opposing party has failed to state a valid defense to the claim asserted against him. In neither of such motions is nonpleaded fact, offered by affidavit or otherwise, pertinent to the issue (failure to state a claim upon which relief can be granted or failure to state a valid defense) presented by such motion." From concurring opinion of Justice Souris in *Durant* v. *Stahlin (Appeal in re Van Dusen, Elliott, Romney)* (1965), 375 Mich 628, 643, 644.

In my opinion the trial judge was not justified in partially granting the motion for summary judgment on the ground that "there is no genuine issue as to any material fact, and that under the undisputed facts, plaintiff is entitled to a judgment as a matter

of law." (Quoted words from the judgment entered by the trial judge.)

I would, therefore, reverse although there are other hurdles defendant may not have fully negotiated. Assuming the defense of failure to mitigate damages is an affirmative defense,[4] we have noted that it may not have been properly pleaded.[5] Nevertheless, I would not vote to affirm on that ground because it has not been suggested any such deficiency was argued to the trial judge, and to affirm on such ground under that circumstance would be to deprive the defendant of an opportunity to seek leave from the trial judge to file an amended answer, which "leave shall be freely given when justice so requires." GCR 1963, 118.

For the reason expressed in *Fox* v. *Roethlisberger* (1957), 350 Mich 1, 3, I would not attempt, on the record before us, to decide the validity of the defense.

---

[4] See 22 Am Jur 2d, Damages, § 291.

[5] However, see 2 Callaghan's Michigan Pleading & Practice, § 24.19, pp 425, 426.