WELLS *v.* SNOW VALLEY, INCORPORATED

1. CHATTEL MORTGAGE—FORECLOSURE—AFTER-ACQUIRED PROPERTY—
   AMENDED JUDGMENT—NOTIFICATION OF DEFENDANT.
   > Defendant's acquiescence for one year in amended judgment
   > ordering defendant to arrange to transfer his liquor license
   > to the buyer of his other property at a foreclosure sale in-
   > dicates that omission from the judgment of foreclosure was
   > a clerical error only.

2. JUDGMENT—CLERICAL MISTAKE—CORRECTION.
   > Clerical mistakes in judgments may be corrected at any time
   > without notice to parties (GCR 1963, 528.1).

Appeal from Otsego, Dennis J. O'Keefe, J. Sub-
mitted Division 3 March 10, 1969, at Grand Rapids.
(Docket No. 5581.) Decided May 28, 1969.

Complaint by Gilbert R. Wells and Bertha Wells
against Snow Valley, Incorporated, a Michigan cor-
poration, for foreclosure of a chattel mortgage ex-
ecuted by Snow Valley, Incorporated. The circuit
court issued a foreclosure judgment ordering the
sale of personal property listed in the schedule at-
tached to the mortgage. At the commissioner's sale
plaintiffs purchased the defendant's property. The
original judgment omitted a liquor license issued to
Snow Valley, Incorporated. About six months after
the original sale, the court issued an amended judg-
ment requiring the defendant to make application

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments § 603.
[2] 30A Am Jur, Judgments § 604 *et seq.*

for transfer of its liquor license to plaintiffs, and in lieu of the application, the court order might be filed and acted upon as if a proper application had been filed by the defendant. Pursuant to the order the liquor license was transferred to plaintiffs. From a motion, one year later, to set aside the amended judgment which was denied, defendant appeals. Affirmed.

*Dreyer & Porter,* for plaintiffs.

*Robert A. Lesnick,* for defendant.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

McGREGOR, P. J. The instant appeal concerns a clerical error and the confusion it produced. Plaintiffs filed an action to foreclose a chattel mortgage on defendant's property. The circuit court issued a foreclosure judgment, ordering the sale of personal property listed in an attached schedule, taken from the mortgage, that did not include defendant's liquor license. At a subsequent commissioner's sale, plaintiffs purchased defendant's property. About six months later, the court issued an amended judgment, identical to the first, but with an added order directing defendant to transfer its liquor license to plaintiffs. Defendant received no notice of the amended judgment, but the license was transferred. One year later, after changing attorneys, defendant moved to set aside the amended judgment. At a hearing on the motion, plaintiffs' attorney testified that the parties and their lawyers understood the liquor license was to be transferred but it had been inadvertently omitted from the judgment. The court denied the motion, and defendant appealed.

The issue posed is whether the issuance of the amended judgment was proper without official notification of defendant.

Defendant contends the amendment wrought a substantial change in the original foreclosure judgment, and furthermore, the court should have notified defendant of the change to insure its validity. *Partch* v. *Baird* (1924), 227 Mich 660. Plaintiffs' reply states that the parties agreed the liquor license was part of the foreclosure deal, the complaint came one year after the license was transferred, and the failure to list the license was merely an oversight.

The parties agreed to the transfer of the liquor license, and therefore, its ordered transfer was not a substantial change in their understanding. Defendant's acquiescence in the amendment for one year indicates the omission of the liquor license from the foreclosure schedule was a clerical error only. Clerical mistakes may be corrected by the court at any time, and there is no absolute notice requirement. GCR 1963, 528.1. Thus, official notification of defendant was unnecessary. Moreover, since the license was transferred, defendant must have had actual notice of the amendment. If it did not, the transfer must have been done according to the parties' previous agreement. Whatever the case, the amended judgment correcting the omission was valid, and the lower court properly denied defendant's subsequent motion to set aside the corrected judgment.

Affirmed. Costs to plaintiffs.

All concurred.