BLISS v. CARTER

1. VENDOR AND PURCHASER—REZONING—WAIVER.

A provision in a contract for the sale of land that the purchase is contingent upon the purchaser's obtaining a rezoning of the land which is permissive, not mandatory, can be waived by the purchaser because it is an escape clause which inures solely to his benefit.

2. VENUE—SPECIFIC PERFORMANCE—REAL PROPERTY.

Venue in an action for the specific performance of a contract to purchase land is properly laid in the county where the land is situated (MCLA § 600.1605).

3. JUDGMENT—AMENDMENT—MOTIONS.

A motion to amend a judgment so as to provide the proper legal description of property which was the subject of the original judgment and adding some nominal damages which had been omitted from the original judgment could properly be granted, if timely made (MCLA § 600.2321).

REFERENCES FOR POINTS IN HEADNOTES

[1]  55 Am Jur, Vendor and Purchaser §§ 102 *et seq.*, 250.
[2]  49 Am Jur, Specific Performance § 139.
     56 Am Jur, Venue § 9.
     Venue of action for specific performance of contract pertaining to real property.  63 ALR2d 456.
[3]  46 Am Jur 2d, Judgments § 209.
[4]  55 Am Jur, Vendor and Purchaser § 553 *et seq.*
[5]  46 Am Jur 2d, Judgments §§ 704, 770.
[6]  46 Am Jur 2d, Judgments § 704.
[7]  4 Am Jur 2d, Appeal and Error § 352.
[8]  46 Am Jur 2d, Judgments §§ 201, 202.
     Correcting clerical errors in judgments.  126 ALR 956.
[9]  4 Am Jur 2d, Appeal and Error §§ 352–354.
[10] 5 Am Jur 2d, Appeal and Error § 897 *et seq.*

4. Damages — Real Property — Removal of Soil — Replacement Cost.

> The cost of replacing sand and topsoil wrongfully removed by defendants was the proper measure of damages where the sand and topsoil were necessary for the purposes for which plaintiffs had purchased the property.

5. Judgment—Amendment—Motions—Timeliness.

> Granting of plaintiffs' motion to amend their judgment of specific performance to provide the proper legal description of the land involved and to add nominal damages, although substantively proper, was procedurally erroneous, where their motion was not served within the 20-day period after entry of the original judgment (MCLA § 600.2321; GCR 1963, 527.5).

6. Judgment—Amendment—Motions—Timeliness.

> A motion to amend or alter the judgment must be served not later than 20 days after entry of the original judgment and this time limit is mandatory, not permissive (GCR 1963, 527.5).

7. Appeal and Error—Jurisdiction—Claim of Appeal.

> The filing of a claim of appeal in the Court of Appeals transfers jurisdiction to that court (GCR 1963, 802.1).

8. Judgment—Amendment—Clerical Mistake—Correction.

> An amendment correcting a faulty legal description of land in a judgment and adding nominal damages omitted from the original judgment is not an amendment as to clerical errors or mistakes arising from omissions or oversights because the amendment imposed new financial burdens on the defendants in the matter of additional costs and thus was improperly granted on the trial court's own initiative (GCR 1963, 528.1).

9. Judgment — Amendment — Motions — Timeliness — Jurisdiction — Claim of Appeal.

> An amended judgment is void where the motion to amend was filed 35 days after entry of the original judgment and where the defendants had filed a claim of appeal before the motion to amend the judgment, thus transferring jurisdiction to the appellate court and depriving the trial court of jurisdiction (GCR 1963, 527.5; GCR 1963, 802.1).

10. Appeal and Error—Relief Obtainable.

> The Court of Appeals may adopt the trial court's amended judgment, made after the trial court had lost jurisdiction, as its own where the appellate court would have affirmed the trial

court's amendment as being wholly warranted by the proofs, if the trial court had had proper jurisdiction when it amended the judgment (GCR 1963, 820.1(1); GCR 1963, 820.1(7)).

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 May 8, 1970, at Lansing. (Docket Nos. 7,523, 7,524.) Decided August 25, 1970.

Complaint by William O. Bliss and William E. Kovacs against Richard N. Carter and Robert E. Evans for specific performance of a real estate purchase agreement, an accounting for sand and top soil removed, and damages for the removal of a building. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Ready, Braunlich & Ready,* for plaintiffs.

*Wilson & Wilson (Henry Zaborowski,* of counsel), for defendants.

Before: T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

ROBERTS, J. Following a non-jury trial held on May 19, 1969, plaintiffs had judgment for specific performance of a contract to purchase real estate from defendants and for other incidental relief. Defendants seek appellate relief on the basis of six allegations of error.

In April 1968, defendants, residents of Wayne County, were land contract purchasers of approximately 39 acres of undeveloped land in Ash Township, Monroe County, the rear portion of which was zoned industrial and the front residential. Plaintiffs desired to purchase the property for develop-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment as a mobile home park, which would require rezoning. On April 19, 1968, plaintiffs executed an offer to purchase, prepared by defendants' attorney, at a price of $1,500 per acre and plaintiffs made a deposit of $1,000. The offer to purchase agreement contained the following provision:

"This purchase is contingent upon the purchasers obtaining a rezoning for a mobile home court for all or any part of that property which they may petition for. This agreement is void 120 days from the date hereof unless extended in writing."

Prior to the expiration of the 120-day provision in the above-quoted portion of the purchase agreement, defendants entered into a contract with one Donald L. Robinson which permitted the latter to remove sand and topsoil from the land in question. Plaintiffs were not notified of this contract nor did they consent to it. Robinson removed approximately 13,529 cubic yards of sand and topsoil from the property and razed a building thereon before he was enjoined by this lawsuit. On June 27, 1968, plaintiffs filed an action for an injunction and damages against the defendants and Robinson, a resident of Monroe County.

On July 5, 1968, plaintiffs notified defendants in writing that they elected to purchase the property irrespective of whether it was rezoned for mobile home park use. Defendants declined to comply with the offer to purchase, and on July 24, 1968, plaintiffs filed their action for specific performance, an accounting, damages for the sand and topsoil removed, and damages for the destroyed building. On August 6, 1968, pursuant to GCR 1963, 505.1, the trial judge ordered consolidation of the two actions over defendants' timely objection.

Prior to trial, defendants moved for summary judgment in each case and for a change of venue.

Each motion was denied and, on appeal, defendants assert these denials constitute reversible error. Defendants also attack the measure of damages employed by the trial court and the amendment of the judgment on motion of plaintiffs 35 days after judgment was entered.

Defendants initially argue that the rezoning provision of the purchase agreement was a condition precedent and had to be satisfied before the offer to purchase was valid and enforceable. Plaintiffs counter that the rezoning provision was an escape clause for their benefit and subject to waiver at their election. The trial court found that the rezoning clause was permissive, not mandatory, and that since it inured solely to the benefit of the plaintiffs, the latter could waive the alleged condition.

The narrow question of whether a rezoning clause contained in a contract for the sale of land is inserted solely to protect the purchaser and is subject to his waiver appears to be a question of first impression in this state. In *Dirr* v. *Hitchman* (1932), 260 Mich 179, the Supreme Court noted that a provision in a contract to purchase real estate which provided that the purchaser "may" do a certain act (as the clause here involved states) is properly construed as giving the purchaser the option of performing the provision and that use of the permissive "may", as opposed to "shall", did not require the purchaser to satisfy the contractual provision. This reasoning supports plaintiffs' position that the rezoning clause was an escape clause for their benefit and was subject to waiver by them. Further support of this position is found in *Kachanowski* v. *Cohen* (1943), 305 Mich 438, 441, 442. We agree with the trial court that the rezoning clause was permissive, not mandatory, and that since it inured

solely to the benefit of the plaintiffs, the latter could waive it.

In so holding, we note that this decision is in harmony with the modern weight of existing judicial precedent. *South Shore Skate Club, Inc.* v. *Fatscher* (1962), 17 AD2d 840 (233 NYS2d 372); *Godfrey Company* v. *Crawford* (1964), 23 Wis 2d 44 (126 NW 2d 495); *Richardson* v. *Snipes* (1959), 46 Tenn App 494 (330 SW2d 381); 3A Corbin on Contracts, § 761; 12 Am Jur, Contracts, § 354.

Defendants' claim of reversible error in denying their motion for change of venue is based upon the fact that they are residents of Wayne County and that Robinson was improperly joined as a party to defeat their right to litigate in the county of their residence. In support, they rely on MCLA §§ 600-.1621 and 600.1627 (Stat Ann 1962 Rev §§ 27A.1621 and 27A.1627) and *DesJardin* v. *Lynn* (1967), 6 Mich App 439.

The action tried and from which this appeal was taken was the action for specific performance of a contract to purchase land. Venue was properly laid in Monroe County where the land at issue is situated. MCLA § 600.1605 (Stat Ann 1962 Rev § 27A-.1605).

In defendants' motion for change of venue they also asserted disqualification of the trial judge. The record does not establish any ground of disqualification, GCR 1963, 405, nor that defendants had an unfair trial. See, *Board of Education of City of Detroit* v. *Getz* (1948), 321 Mich 676.

We find no merit in defendants' claim of reversible error in the denial of their other pretrial motions. These denials were proper.

In awarding damages, the trial court employed the cost of replacing the removed sand and topsoil as the

measure. Defendants contend it was error to employ any standard other than diminution of value. The trial court found that the sand and topsoil removed were necessary for the purposes for which plaintiffs purchased the property. This finding is supported by the record and authorized the measure of damages employed by the trial court. *Kelly* v. *Fine* (1958), 354 Mich 384.

Defendants' final contention is that the trial court erred when it granted on July 29, 1969, plaintiffs' motion to amend the judgment. This final question has two separate portions: (1) procedural and (2) substantive.

Substantively, we think that the trial court was correct in amending the previous judgment. The amended judgment simply provides the proper legal description of the property at issue and includes some nominal damages which had been omitted from the original judgment. *Timely* motion in the trial court to correct the faulty legal description of the property set out in the original judgment would certainly have been proper. MCLA § 600.2321 (Stat Ann 1962 § 27A.2321); *Bender* v. *Zoba* (1965), 376 Mich 237.

However, the defendants quite correctly point out that the court rules provide that motions to alter or amend judgments "shall be served not later than 20 days after entry of the judgment". GCR 1963, 527.5. Since the original judgment in this case was entered on May 20, 1969, and plaintiffs' motion to amend that judgment was filed on June 25, 1969, it is obvious that plaintiffs' motion was not timely under the court rules and the circuit court should not have entertained it. We perceive GCR 1963, 527.5, to be mandatory and not discretionary because of the Supreme Court's choice of the verb "shall" as opposed to "may." Furthermore, defendants had pre-

viously filed a claim of appeal in this court, and the filing of this claim of appeal transferred jurisdiction to this court. GCR 1963, 802.1; *Jefferson Maintenance Company* v. *Detroit Electrotype Company* (1967), 7 Mich App 619.

It is true that GCR 1963, 528.1 permits the trial court to correct clerical mistakes or oversights in its judgments "at any time" on the court's own initiative. "During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." See *Wells* v. *Snow Valley, Inc.* (1969), 17 Mich App 488. Such leave to amend was never requested nor granted by this court. Assuming, without deciding, that the instant case was not "docketed" in this court within the meaning of GCR 1963, 528.1, (*Fitzgerald* v. *Holton* [1957], 199 Va 368 [99 SE2d 615], we hold that, nevertheless, 528.1 is not proper authority for the trial court's amendment of the original judgment because a fair reading of the amended judgment reveals that the amendment was not merely as to clerical errors, mistakes or oversights but that the amended judgment also imposed new financial burdens on the defendants in the matter of additional costs. Thus, since GCR 1963, 527.5, was not properly complied with, we hold that the amended judgment entered on *July 29, 1969,* was null and void inasmuch as the trial court had lost jurisdiction. See, *Fox* v. *Board of Regents of the University of Michigan* (1965), 375 Mich 238.

We do not, however, believe that by our so holding plaintiffs will be unable to obtain the relief to which the record clearly shows they are entitled. Had the trial court had proper jurisdiction when it amended the original judgment, we would have affirmed such amendment as being wholly warranted by the proofs.

Thus, since GCR 1963, 820.1(1) endows this court with the authority to "exercise any or all of the powers of amendment of the court or tribunal below" and since GCR 1963, 820.1(7), empowers us to "give any judgment and make any order which ought to have been given or made, and (to) make such other and further orders and grant such relief, as the case may require", we specifically adopt the trial court's amended judgment as our own and hold that it is entitled to full force and effect. *C & O R. Co.* v. *Public Service Commission* (1967), 5 Mich App 492, 509; *Vlasic Foods Company* v. *Russek* (1967), 7 Mich App 359, 363; *Klabunde* v. *Stanley* (1969), 16 Mich App 490.

The trial court is affirmed. Plaintiffs may tax their costs.

All concurred.