Argued July 5, affirmed November 16, 1972

LARKINS, *Appellant, v.* RICHARDSON, *Respondent.*
502 P2d 1156

*Norman F. Webb,* Salem, argued the cause and filed briefs for appellant.

*Robert J. McCrea,* Eugene, argued the cause for respondent.

HOLMAN, J.

Plaintiff brought an action to recover a real estate broker's commission under an exclusive employment contract. The jury returned a verdict in favor of plaintiff. The trial court granted defendant's motion for a judgment notwithstanding the verdict and plaintiff appealed.

After the parties had entered into the contract of exclusive employment, plaintiff produced a purchaser satisfactory to defendant, and a contract was entered into by the purchaser and defendant which provided as follows:

"Received from Western Aerial, Inc., (hereinafter called purchaser) the sum of Thirty Thousand and no/100 Dollars ($30,000) in the form of a demand note, *payable within 60 days after subdivision approval* as earnest money and in part payment for the purchase of the following described real estate situated in the City of ———, County of Lane, State of Oregon, to-wit:
"[Legal description]"
"which we have this day sold to said purchaser for the sum of One Hundred Seventy-Five Thousand and no/100 Dollars ($175,000.00) on the following terms, to-wit: The sum hereinafter received for, of Thirty Thousand and no/100 Dollars ($30,000.00); ...balance of One Hundred Forty-Five Thousand and no/100 ($145,000.00) payable as follows: purchaser to give seller purchase money mortgage for balance of purchase price, plus payments of $500.00 per month, including interest at rate of 6% per annum, also lot release (including roadway) pay-

ments at rate of $1,750 per acre. Any remaining balance to be paid in full in the year 1976. Seller guarantees a minimum of 90 acres-if less than 90 acres by survey, sale is null and void. *Purchaser to have 90 days to obtain subdivision approval* * * *." (Emphasis ours.)

Thereafter, it appeared probable that subdivision approval could not be secured within the 90-day period (which terminated November 12) because there would not be sufficient ground moisture for the county sanitarian to determine the winter ground water level. Defendant was requested by the purchaser to extend or to waive the 90-day period and refused to do so. The subdivision approval was not secured. At the expiration of the period, defendant notified the purchaser that the ninety days were up and that he was going to put the property on the market again. Thereafter, the purchaser made a demand upon defendant to put all of the documents required to complete the transaction, in the event subdivision approval was subsequently secured, in escrow, but defendant refused. There was no evidence that the purchaser ever unconditionally offered to pay the $30,000, the amount of the demand note given as earnest money, in the absence of subdivision approval.

In *Brown v. Grimm,* 258 Or 55, 59-60, 481 P2d 63 (1971), and *Setser v. Commonwealth, Inc.,* 256 Or 11, 470 P2d 142 (1970), we held that a real estate broker does not earn a commission until the purchaser completes the transaction by closing the title in accordance with the provisions of the contract, unless the failure to complete results from the wrongful act of the seller. Both sides concede this rule.

It is plaintiff's position that the provision for subdivision approval was solely for the benefit of the

purchaser, who, during the 90-day period, demonstrated a willingness to continue to attempt to get such approval after the expiration of ninety days. Thus, plaintiff argues, the purchaser waived the time limitation and could continue to attempt to secure approval for a reasonable time thereafter. Plaintiff therefore concludes that defendant had no right to terminate the contract at the end of ninety days and that the failure to complete the transaction thus resulted from defendant's wrongful action.

Assuming, arguendo, in the absence of other provisions, that the provision for subdivision approval was for the purchaser's sole benefit, the fallacy of plaintiff's position is that the time for payment of the purchase price was tied to such approval. The down payment of $30,000 was not due until sixty days after the approval was secured. Plaintiff's witnesses admit that the 90-day limitation was put in the agreement at defendant's insistence. If the purchaser could unilaterally waive the 90-day provision and thus extend the time within which it could secure subdivision approval, it could automatically extend the period during which defendant had to wait for payment. Thus, the 90-day limitation was also for defendant's benefit as a matter of law.

Plaintiff points to the testimony of his witnesses that the arrangement was for the purchaser's benefit and argues that their testimony creates a jury question concerning whom it was intended to benefit. Such testimony cannot change the plain, legal import of the contract.

Plaintiff's witnesses also testified that after the lapse of the 90-day period, defendant requested that he be released from the contract. Neither does this

testimony change the legal import of the contract or defendant's rights thereunder. Defendant is not a lawyer and was not required to have known for certain what his rights were. Were the plaintiff contending that the 90-day period was also for defendant's benefit and that defendant waived or extended it, the testimony might be of some relevance, but plaintiff makes no such contention.

Plaintiff cites several cases in support of his position, but in all save one of them,[1] the purchaser offered to waive the provision and *to perform the contract* within the time limited for securing permission to make specific use of the property. Thus, there was no extension of the time within which the seller would not have received payment, and the cases are not applicable. In the excepted case,[2] the court said that the offer by the purchaser to waive the provision had to be made either within the time provided to secure permission for the particular use or within a reasonable time thereafter. The holding and the provisions of the contract relating to the time of payment are not made entirely clear. However, if the case is read to hold that the purchaser may unilaterally extend the time when the seller would be entitled to payment, we specifically disapprove of it.

The judgment of the trial court is affirmed.

---

[1] Bliss v. Carter, 26 Mich App 177, 182 NW2d 54 (1970); Funke v. Paist, 356 Pa 594, 52 A2d 655 (1947); Richardson v. Snipes, 46 Tenn App 494, 330 SW2d 381 (1959).

[2] Barnes v. Euster, 240 Md 603, 214 A2d 807 (1965).