**FINANCIAL REALTY TRUST**

v.

**W & Z PROPERTIES, LTD.**

Supreme Judicial Court of Maine.

Argued March 12, 1980.

Decided March 3, 1981.

---

Rudman & Winchell, Jeffrey T. Edwards (orally), Bangor, for plaintiff.

Gross, Minsky, Mogul & Singal, P.A., David C. King (orally), Bangor, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

ROBERTS, Justice.

Financial Realty Trust, the buyer, brought an action for specific performance of a contract for the sale of land. From a judgment in favor of W & Z Properties, Ltd., the seller, denying specific performance, Financial appeals. Because the Superior Court erred in its interpretation of the contract, we must vacate the judgment.

On October 23, 1978, the parties entered into an agreement whereby Properties would sell and Financial buy a parcel of commercial property located on Hogan Road next to K Mart in Bangor. Contained within the agreement at paragraph 11 was the following:

> 11.. *Ability to Obtain Permits.* This offer is subject and conditioned upon the Buyer being able to obtain all necessary

municipal and/or state permits for the construction and operating of a retail outlet on the subject premises; the Buyer to exercise reasonable diligence in obtaining same. If at the expiration of sixty (60) days after the date hereof Buyer shall have failed so to obtain all necessary permits, then, at the Seller's option, any payments made under this agreement shall be forthwith refunded and all other obligations of all parties hereto shall cease and this agreement shall be void without recourse to the parties hereto.

On December 18, 1978, Financial notified Properties that it had "met all present conditions precedent to the obtaining of necessary permits for the constructing and maintaining of a retail outlet on the lot to be purchased," and that it "waives all other conditions of paragraph 11." On December 22, 1978, Properties returned to Financial its deposit and purported to exercise its option under paragraph 11 to declare the contract void on the grounds that Financial had "failed to obtain all necessary municipal and/or state permits for the construction and operation of a retail outlet on the premises at the expiration of sixty days after October 23, 1978."

After trial before the court without jury, the presiding justice concluded that paragraph 11 contained "a unilateral, unambiguous right to terminate without recourse not secured elsewhere in the agreement." Based on the court's perception that both parties were sophisticated real estate dealers whose respective attorneys had negotiated the purchase and sale agreement, as well as the absence of ambiguity within the provision, extrinsic evidence bearing on the intent of the parties was excluded.

We must reject the Superior Court's interpretation of the contract because the termination provision of the second sentence of paragraph 11 becomes operational only "at the expiration of sixty days." Prior to the expiration of sixty days, on the fifty-sixth day, Financial purported to waive any unfulfilled conditions of paragraph 11. The contract is silent as to the effect of the attempted waiver. The contract is equally silent upon the question of who was the intended beneficiary of the conditions in the first sentence of paragraph 11.

■ Ordinarily any provision inserted in a contract solely for the benefit of one party may be waived by that party. This rule has been generally applied to real estate contracts. *See, e. g., Bliss v. Carter*, 26 Mich.App. 177, 182 N.W.2d 54 (1970). In the absence of any express language in the contract, the question of whether a provision was inserted solely for the benefit of one party is a question of fact. *Walley v. Fred W. Mears Heel Co.*, 4 F.Supp. 277, 278 (D.Me.1933), *aff'd*, 71 F.2d 876 (1st Cir. 1934), *cert. denied*, 293 U.S. 605, 55 S.Ct. 122, 79 L.Ed. 696 (1934). Under such circumstances, of course, extrinsic evidence must be admitted. *T-M Oil Co. v. Pasquale*, Me., 388 A.2d 82, 85 (1978).

■ The justice below said that "Defendant argues, and the Plaintiff concedes, that no ambiguity exists" with respect to paragraph 11. Ordinarily, concession of such an issue would constitute a waiver on appeal, *see Mandarelli v. McGovern*, Me., 393 A.2d 533, 536 (1978). We have, however, looked beyond an apparent concession by the parties when a fair disposition of the case demanded such consideration. *See, e. g., Wallingford v. Butcher*, Me., 413 A.2d 162 (1980) (each party had conceded lack of genuine issue of fact material to his interpretation of the law resulting in a summary judgment vacated on appeal).

■ A review of the record reveals that, during the course of the trial, the justice seemingly vacillated between interpretations of the disputed clause, favoring first one side and then the other. Although both objected to admission of extrinsic evidence initially, counsel for the plaintiff and for the defendant did not seriously pursue their objections to this evidence. As a result, some extrinsic evidence was admitted but

some was not, the excluded evidence most notably dealing with the negotiation of the disputed provision.[1]

On appeal, both parties continue their contention that the clear and unambiguous terms of the contract support their respective positions. We hold, nevertheless, that there is an issue of fact unresolved by the terms of the contract and that the action of the presiding justice was sufficiently misleading to have precluded a full and fair presentation of evidence on that issue. The case must be tried anew.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

1. The record discloses the dangers of counsel treating the parol evidence rule as a rule of evidence, rather than as a rule of substantive law. We point out that nowhere in the Maine Rules of Evidence is there any reference to the parol evidence rule. R. Field & P. Murray, *Maine Evidence*, p. xii (1976). *See Interstate Industrial Uniform Rental Service, Inc. v. F.R. Lepage Bakery, Inc.*, Me., 413 A.2d 516, 519 (1980).