## GRETTENBERGER PHARMACY, INC v BLUE CROSS-BLUE SHIELD OF MICHIGAN

Docket No. 45798. Submitted February 7, 1980, at Lansing.—Decided June 3, 1980. Leave to appeal applied for.

Grettenberger Pharmacy, Inc., hereinafter plaintiff, brought a class action on behalf of itself and all similarly situated pharmacies against Blue Cross-Blue Shield of Michigan, hereinafter defendant. Plaintiff claimed that it and other pharmacies received improperly reduced dispensing fees under defendant's prescription program for service performed between January 1, 1975, and April 29, 1975. The Ingham Circuit Court, Ray C. Hotchkiss, J., certified the class and subsequently granted summary judgment to plaintiff. Defendant appeals. *Held:*

1. A party is an adequate representative of the class in a class action where that party has a common interest with class members and there exists no conflict of interest.

2. An action must meet the following requirements to proceed on a representative basis as a class action: (a) there must be an identifiable class; (b) the number of persons in the class must be so large that it would be impractical to bring them before the court; and (c) the person seeking to represent the class must be a member.

3. A trial court must consider the following practical problems in determining whether a class action should proceed on a representative basis: (a) the identification of potential class members actually entitled to some recovery; and (b) computa-

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parties §§ 58, 69 *et seq.*
[2] 59 Am Jur 2d, Parties § 54 *et seq.*
[3] 59 Am Jur 2d, Parties § 65.
[4] 47 Am Jur 2d, Judgments § 1053.
  56 Am Jur 2d, Motions, Rules, and Orders § 42.
[5] 20 Am Jur 2d, Courts §§ 154, 171.
[6] 61 Am Jur 2d, Pleading §§ 229, 232.
[7] 1 Am Jur 2d, Accord and Satisfaction §§ 1, 4.
[8] 1 Am Jur 2d, Accord and Satisfaction § 27.
[9] 73 Am Jur 2d, Summary Judgment § 27.

tion of exactly how much money, if any, each and every potential class member is entitled to receive.

4. An order or other form of decision, absent a final judgment, is subject to revision before entry of final judgment.

5. The circuit court has jurisdiction of a class action if the aggregate of class members' claims equals or exceeds $10,000, even though no individual class member has a claim in the amount of $10,000.

6. A motion for summary judgment based upon GCR 1963, 117.2[2] tests the legal sufficiency of the defense as pleaded, and is tested solely by the pleadings. All well-pled allegations must be accepted as true as well as all conclusions that can reasonably be drawn from the factual allegations.

7. An accord and satisfaction is the substitution of performance agreed upon by the parties to satisfy a disputed claim and an essential requisite of accord and satisfaction is a "meeting of the minds".

8. Accord and satisfaction is not a question of fact where the evidence is insufficient to submit to the jury or undisputed and not open to opposing inferences.

9. The mere existence of issues of fact is no bar to entry of summary judgment, if, upon resolving all such issues in favor of defendant, the plaintiff would still be entitled to judgment as a matter of law.

Affirmed.

1. Parties — Class Actions — Representative.

A party is an adequate representative of the class in a class action where that party has a common interest with class members and there exists no conflict of interest.

2. Actions — Class Actions — Representative Basis — Requirements.

An action must meet the following requirements to proceed on a representative basis as a class action: (a) there must be an identifiable class; (b) the number of persons in the class must be so large that it would be impractical to bring them before the court; and (c) the person seeking to represent the class must be a member.

3. Courts — Class Actions — Considerations.

A trial court must consider the following practical problems in determining whether a class action should proceed on a representative basis: (a) the identification of potential class members

actually entitled to some recovery; and (b) computation of exactly how much money, if any, each and every potential class member is entitled to receive.

4. JUDGMENTS — ORDERS — FINAL JUDGMENTS.

An order or other form of decision, absent a final judgment, is subject to revision before entry of final judgment.

5. COURTS — CIRCUIT COURTS — CLASS ACTIONS — JURISDICTION.

The circuit court has jurisdiction of a class action if the aggregate of class members' claims equals or exceeds $10,000, even though no individual class member has a claim in the amount of $10,000.

6. JUDGMENTS — SUMMARY JUDGMENTS — MOTIONS — COURT RULES.

A motion for summary judgment based upon the failure of a party to state a valid defense to the claim asserted against him tests the legal sufficiency of the defense as pleaded, and is tested solely by the pleadings; all well-pled allegations must be accepted as true as well as all conclusions that can reasonably be drawn from the factual allegations (GCR 1963, 117.2[2]).

7. ACCORD AND SATISFACTION — ELEMENTS.

An accord and satisfaction is the substitution of performance agreed upon by the parties to satisfy a disputed claim, and an essential requisite of accord and satisfaction is a "meeting of the minds".

8. ACCORD AND SATISFACTION — QUESTION OF FACT.

The question of whether or not a particular set of facts amounts to an accord and satisfaction is not a question of fact where the evidence is insufficient to submit to the jury or undisputed and not open to opposing inferences.

9. JUDGMENTS — SUMMARY JUDGMENTS — ISSUES OF FACT.

The mere existence of issues of fact is not a bar to entry of summary judgment if, upon resolving all such issues in favor of defendant, the plaintiff would still be entitled to judgment as a matter of law.

*MacLean, Seaman, Laing & Guilford* (by *Charles R. MacLean* and *Dwight B. Ebaugh),* for plaintiff.

*Butzel, Fruhauf, Keidan, Simon, Myers & Graham* (by *Henry H. Sills),* for defendant.

Before: CYNAR, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. This is a class action suit brought by plaintiff Grettenberger Pharmacy on behalf of itself and all similarly situated pharmacies against Blue Cross-Blue Shield of Michigan. Plaintiff claims that it and other pharmacies received improperly reduced dispensing fees under defendant's prescription program for services performed[1] between January 1, 1975, and April 29, 1975.

A chronology of the litigation surrounding this case is necessary to understand the issues now before us. On February 7, 1973, Grettenberger filed a complaint, alleging that Blue Cross-Blue Shield had modified the existing contract in order to reduce the dispensing fee without amending defendant's manual as required by the parties' Service Benefit Prescription Program Participation Agreement. Blue Cross-Blue Shield answered and asserted *inter alia* that the court was without jurisdiction or power to act in the absence of the other parties to Blue Cross-Blue Shield's service contract. Grettenberger Pharmacy subsequently filed a motion for partial summary judgment which was granted by the circuit court judge who found that Blue Cross-Blue Shield did not amend the contract as required, and therefore the dispensing fee reduction was illegal. This Court affirmed the circuit court's granting of partial summary judgment in an unpublished per curiam opinion. *Grettenberger Pharmacy, Inc v Blue*

---

[1] Under this program, if one of Blue Cross-Blue Shield's subscribers has a prescription filled at a participating pharmacy, the subscriber pays to the participating pharmacy a nominal "co-pay" amount. The participating pharmacy then presents a claim to Blue Cross-Blue Shield for reimbursement. A portion of this reimbursement is termed a "dispensing fee" and is determined solely by Blue Cross-Blue Shield.

*Cross-Blue Shield of Michigan* (Docket No. 24163, April 8, 1976).

Grettenberger Pharmacy then filed an amended complaint and certification of class action, GCR 1963, 208. Blue Cross-Blue Shield answered and asserted *inter alia* that plaintiff's unique position, the class members' failure to state claims of greater than $10,000 and the defenses of accord and satisfaction and accounts stated precluded Grettenberger Pharmacy from relief, and moved for accelerated judgment.

On September 8, 1977, Ingham County Circuit Judge Ray C. Hotchkiss granted plaintiff's motion for certification of class action and approved the class action notice and response and claim form which was sent to approximately 1,920 potential class members. Of these, 660 opted into the suit by returning the required form.

On March 7, 1979, plaintiff filed a motion for summary judgment, GCR 1963, 117.2(2) and (3), in order to (a) determine the party plaintiffs as those of the class list submitted to the court; (b) extend the court's previous partial summary judgment to each plaintiff; (c) fix damages; and (d) determine the claims of the individual plaintiffs. Defendant's answer in opposition to plaintiff's motion alleged (a) that plaintiff's unique position and the fact that it was no longer a pharmacy, nor by statute ever could be, precluded it from being a member of the class; (b) improper aggregation; (c) defenses of account stated and accord and satisfaction; and (d) that the fact that many class members returned deficient claim forms precluded the court from granting plaintiff's motion. On June 8, 1979, plaintiff's motion for summary judgment was granted by Judge Hotchkiss. Defendant now appeals as of right. GCR 1963, 806.1.

Blue Cross-Blue Shield raises three issues on appeal. Appellant first contends that the trial court erred in allowing plaintiff pharmacy's action to proceed as a class action under GCR 1963, 208.1(3). Specifically, Blue Cross-Blue Shield claims that plaintiff pharmacy was not an adequate representative of the class since plaintiff's owners sold the business after the complaint was filed but before the trial court's certification of the class action. Since plaintiff was not engaged in business and was precluded by MCL 338.481; MSA 14.771 from any future pharmaceutical business, Blue Cross-Blue Shield argues that plaintiff was an inadequate representative of the class. *Hernandez v Gray,* 530 F2d 858 (CA 10, 1976), *Free World Foreign Cars v Alfa Romeo,* 55 FRD 26 (SD NY, 1972).

In his order, the trial judge correctly stated:

"Plaintiff sold certain assets of the corporation on March 1, 1977, and is not presently engaged in the day-to-day operation of a pharmacy. Plaintiff has retained those assets which would be affected by the outcome of this lawsuit. The claim involved in this case covers the limited period of time from January 1, 1975, through April 29, 1975. There is no question that plaintiff is a member of the class. The claim here involved does not cover a continuing period of time, and it is largely irrelevant whether plaintiff is presently, or will, in the future, be engaged in the daily operation of a pharmacy. Plaintiff has pursued this action with both diligence and competence. The Court believes plaintiff to be an adequate representative of the class."

We find Blue Cross-Blue Shield's reliance on both *Hernandez,* and *Free World Foreign Cars v Alfa Romeo, supra,* misplaced. In *Hernandez,* former city employees filed a class action civil rights suit against the city, alleging racial discrimination. The district court dismissed the action. The 10th

Circuit Court of Appeals affirmed by rejecting plaintiffs' argument that they were representatives of the class of present city employees since there had not been an initial determination that plaintiffs were in fact proper representatives of the class and plaintiffs voluntarily left the city employment for reasons unrelated to the complained-of discriminatory practices. In the instant case the trial court had made an initial determination that the plaintiff was a proper representative of the class, and more importantly, unlike *Hernandez,* plaintiff's claims were for a fixed period during which plaintiff and all other potential class members were participants in defendant's drug prescription program.

In *Free World Foreign Cars,* the district court found that plaintiff's interest as a former franchisee of defendant was not co-extensive and consistent with those of the present franchisees who apparently depended upon the defendant's economic viability, since whether the defendant could economically survive against the threat of heavy and burdensome expenses involved in defending a class action was of no concern to the plaintiff, a former franchisee. It was, however, a matter of concern to the present franchise dealers that the defendant remain in business in order to supply automobiles and parts.

While it is true in the instant case that plaintiff was no longer an operating pharmacy, plaintiff did have a common interest with class members (refund of improperly reduced dispensing fees) and there did not exist any conflict of interest. Furthermore, while the presently participating pharmacies would be concerned with the defendant's financial well-being, we do not believe that the amount of damages involved, approximately $220,-

000 plus interest plus costs, would cause defendant's financial downfall and the termination of dispensing fee arrangements with class members.

Blue Cross-Blue Shield next argues that the trial court's certification of the class action was inconsistent with the convenient administration of justice standard enunciated in *Grigg v Michigan National Bank,* 405 Mich 148; 274 NW2d 752 (1979). Appellant asserts that since the determination of the facts concerning eligible claims could be exorbitantly expensive and time-consuming in the instant case, the judge's ruling was in fact contrary to *Grigg.*

GCR 1963, 208.1(3) sets forth seven separate requirements which must be satisfied in order for an action to proceed on a representative basis. The relevant requirements in the instant case include: (a) there must be an identifiable class; (b) the number of persons in the class must be so large that it would be impractical to bring them before the court; and (c) the person seeking to represent the class must be a member.

(a) There must be an identifiable class.—If the membership of the group is so amorphous that it cannot be definitely ascertained, there is no "class" and the case cannot proceed on a representative basis. *Grigg,* 168. In the instant case, Grettenberger Pharmacy was able to obtain Blue Cross-Blue Shield's micro-film record showing the names and addresses of all potential class members. Plaintiff pharmacy then prepared a list of potential class members and filed it with the trial court. These facts are sufficiently analogous to those in *Grigg* in which the Supreme Court found the group sufficiently identifiable.

(b) The number of persons must be so large that it would be impractical to bring them before the

court.—Of the approximately 1,920 participating pharmacies in the instant case, 660 opted in. While there exists no requisite minimum number to satisfy the court rule, we believe that the number in the instant case fits within the letter and spirit of this requirement. Also, because of the nature of the case, there is no requirement that each member personally appear before the court.

(c) A person seeking to represent the class must be a member of that class.—As indicated, Grettenberger Pharmacy meets this requirement. Although no longer operating as a pharmacy, plaintiff corporation was not dissolved and no interest in the lawsuit was transferred. Fixtures, general inventory items, prescription files and prescription drug items, lease interest and covenant not to compete were involved in the transfer but all other assets not specifically enumerated and all debts, obligations or liabilities were retained.

What remains for consideration under the *Grigg* rationale is whether the trial court took into account the practical problems that would arise if the case were allowed to proceed on a representative basis. The *Grigg* Court considered two major practical problems: (a) the identification of potential class members actually entitled to some recovery, and (b) computation of exactly how much money, if any, each and every potential class member was entitled to receive.

In the instant case, plaintiff obtained defendant's micro-film records showing the names and addresses of all potential class members entitled to a refund of defendant's improper dispensing fee reduction. In addition, based upon the Claim Form Method of Determination stipulated to by the parties and ordered by the court the trial judge was able to ascertain a complete and accurate

identification of those plaintiffs entitled to share in the distribution of the wrongfully withheld dispensing fees, subject to the condition that the class members who opted in cure defects in their respective claim forms within 30 days from the signing of the order granting summary judgment. The trial court's computation of the determination and distribution of improperly withheld dispensing fees was based upon the arithmetic formula set forth in *Bond v Ann Arbor School Dist,* 383 Mich 693; 178 NW2d 484 (1970). In accord with *Grigg,* the trial court did consider the practical problems of the instant case and solved them.

Blue Cross-Blue Shield next argues that the trial court improperly considered its earlier order certifying the class action and dismissing various defense motions when it granted plaintiff's motion for summary judgment. It is clear that absent a final judgment, an order or other form of decision is subject to revision before entry of final judgment. *Patterson v Hopkins,* 23 Mich 540, 542 (1871). *Cleveland v Detroit,* 322 Mich 172; 33 NW2d 747 (1948). While the trial judge could have revised his earlier order at any time prior to granting summary judgment, the record indicates that he reconsidered Blue Cross-Blue Shield's arguments and determined that his earlier ruling would serve as a basis for summary judgment. Absent authority indicating that it is reversible error for a trial court to choose not to revise a previous order when considering the merits of a motion for summary judgment, appellant's claim is without merit.

Finally, it appears that Blue Cross-Blue Shield is also contending that the circuit court lacked jurisdiction to hear this matter because no single class member has a claim in the amount of $10,000. This question is now decided in Michigan. *Paley v*

*Coca Cola Co,* 389 Mich 583; 209 NW2d 232 (1973).
Blue Cross-Blue Shield urges us to follow the *Paley*
dissent noting that since *Paley* was decided by an
equally divided court it does not establish prece-
dent required to be followed under stare decisis.
*Kangas v New York Life Ins Co,* 223 Mich 238,
243; 193 NW 867 (1923). Notwithstanding this
argument we note that in light of the Supreme
Court's most recent opinion involving a class ac-
tion, the aggregation question now appears to be
settled in Michigan. In *Grigg v Michigan National
Bank, supra,* no potential plaintiff had a claim of
more than a few dollars and plaintiffs had no basis
for circuit court jurisdiction other than class sta-
tus. After a lengthy review of class certification
issues, the Court remanded to the circuit court
without questioning that court's jurisdiction of the
subject matter.

Appellant frames its second issue as whether the
trial court erred in granting plaintiff pharmacy's
motion for summary judgment under GCR 1963,
117.2(2) and (3).[2] In the instant case plaintiff's
motion for summary judgment sought and plaintiff
was granted an extension of the trial court's previ-
ous partial summary judgment to the class list as
well as an assessment of individual damages. Ap-
pellant contends, however, that its affirmative de-
fense of accord and satisfaction was sufficient to
defeat plaintiff's motion.[3]

---

[2] GCR 1963, 117.2(2) and (3) provides:

"The motion for summary judgment shall state that the moving
party is entitled to judgment in his favor because of any 1 of the
following grounds:

"(2) the opposing party has failed to state a valid defense to the
claim asserted against him,

"(3) that except as to the amount of damages there is no genuine
issue as to any material fact, and the moving party is therefore
entitled to judgment as a matter of law."

[3] Appellant also attacked the granting of the motion for summary

A motion for summary judgment based upon GCR 1963, 117.2(2) tests the legal sufficiency of the defense as pleaded, and is tested solely by the pleadings. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). As this Court recently stated in *Michigan National Bank of Detroit v Dunbar,* 91 Mich App 385, 387; 283 NW2d 747 (1979):

"[T]he proper test for such a motion would be whether defendants' defenses are so clearly untenable as a *matter of law* that no factual development could possibly deny plaintiff's right to recovery."

In addition, all well-pled allegations must be accepted as true, *Minor-Dietiker v Mary Jane Stores,* 2 Mich App 585; 141 NW2d 342 (1966), as well as all conclusions that can reasonably be drawn from the factual allegations. Bashara, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 Det Col L Rev 397, 409 (1976).

In the instant case, Judge Hotchkiss concluded that:

"Defendant offers a myriad of defenses to Plaintiffs' Motion for Summary Judgment. However, the defenses of accounts stated, accord and satisfaction, improper class action, inadequate representative of the class, aggregation, and failure to support the motion with affidavit, are either entirely misplaced or were already specifically rejected in earlier proceedings before this Court."

---

judgment on grounds which we have already discussed as without merit: that plaintiff was not a proper class representative and that the trial court lacked jurisdiction to decide the case. Furthermore, appellant's claim that plaintiff pharmacy did not comply with the affidavit requirement of GCR 1963, 117.3 is not supported by the record. Plaintiff pharmacy filed two affidavits in support of its motion and relied in part upon approximately 660 affidavits of claim regarding liability.

The trial court's previous order granting plaintiff's partial summary judgment addressed the issue of accord and satisfaction as follows:

"Defendant further contends that the claims of the class members are barred by the doctrine of accord and satisfaction. The court finds the doctrine inapplicable in the present case. The reduction of the dispensing fee was the result of unilateral action on the part of defendant. The reduction was not the result of negotiation and was not done with the consent of the potential class members. There was no meeting of the minds or any settlement of a disputed claim. The doctrine of accord and satisfaction does not apply to the facts of this case and does not act as a bar to the claims of the potential class members. See *Gitre v Kessler Products Co, Inc,* 387 Mich 619 (1972); *Green v Millman Brothers, Inc,* 7 Mich App 450 (1967)."

An accord and satisfaction is the substitution of performance agreed upon by the parties to satisfy a disputed claim. An essential requisite of accord and satisfaction is a "meeting of the minds". *Serrone Contracting v Avon Twp,* 77 Mich App 82; 257 NW2d 667 (1977), citing *Gitre, supra.*

The record supports the trial judge's finding that the reduction of the dispensing fee was a unilateral act on the part of Blue Cross-Blue Shield without negotiation or consent of any class members. In fact, Blue Cross-Blue Shield admitted as much in its pleadings. Accordingly, any question as to a "meeting of the minds" or proposed settlement of a disputed claim was precluded as a matter of law. We find, therefore, that no factual development regarding the defense of accord and satisfaction could deny plaintiff pharmacy's right to recovery because the defense asserted was inapplicable.

Blue Cross-Blue Shield further challenges the

trial judge's granting of summary judgment under GCR 1963, 117.2(3), no genuine issue of material fact, since whether a particular set of facts amounts to accord and satisfaction is generally a question for the trier of fact. *Fritz v Marantette,* 404 Mich 329; 273 NW2d 425 (1978). However, where the evidence is insufficient to submit to the jury, or undisputed and not open to opposing inferences, accord and satisfaction is not a question of fact. *Fritz, supra,* 333, citing *Urben v Public Bank,* 365 Mich 279, 286; 112 NW2d 444 (1961).

Here the record clearly showed and Blue Cross-Blue Shield does not dispute that the improper reduction in dispensing fees was a unilateral act by appellant without negotiation or consent by class members. The trial court was not faced with nor did it improperly determine intent and state of mind. Blue Cross-Blue Shield relies on its assertion that there were issues of fact and thus summary judgment under GCR 1963, 117.2(3) was improper. We disagree. The test is not whether appellant has presented facts sufficient to show a jury submissible case in response to the motion, but rather whether there are genuine issues of material fact. *Smith v Woronoff,* 75 Mich App 24; 254 NW2d 637 (1977). *Northern Plumbing & Heating Inc v Henderson Brothers, Inc,* 83 Mich App 84, 90; 268 NW2d 296 (1978). The mere existence of issues of fact is no bar to entry of summary judgment if, upon resolving all such issues in favor of defendant, the plaintiff would still be entitled to judgment as a matter of law. *Whittenberg v Carnegie,* 328 Mich 125; 42 NW2d 900 (1950).

We find without merit appellant's final issue challenging the trial judge's method of computing and creating a damages fund and distributing

claims in this class action. The trial court determined and we agree that *Bond v Ann Arbor School Dist,* 383 Mich 693; 178 NW2d 484 (1970), sets forth the appropriate procedure to be followed in this case.[4] While Blue Cross-Blue Shield relies on *Grigg, supra,* and *Northview Construction Co v St Clair Shores,* 399 Mich 184, 211-212; 249 NW2d 290 (1976), both those cases are distinguishable on their facts. Grigg was fraught with practical complexities and burdens which are not evidenced in the instant case while the procedures outlined in *Northview* were specifically tailored to cope with a 15-20 year delay in litigation.

Accordingly, the trial court's careful analysis of this issue in its order dated June 8, 1979, in light of the procedural guidelines outlined in *Bond,* and *Metro Homes, Inc v City of Warren,* 19 Mich App 664; 173 NW2d 230 (1969), is adopted:

"Defendant's allegation that the procedures proposed by plaintiffs for determination and distribution of the refund are impermissible and perhaps unconstitutional based upon *Northview Construction Co v St Clair Shores,.* 399 Mich 184 (1976, on rehearing) is likewise without merit. The proposed procedures were specifically adopted in *Metro Homes, Inc v City of Warren,* 19 Mich App 664 (1969) and *Bond v Ann Arbor School District,* 383 Mich 693 (1970), and actually *Northview* tacitly endorsed the procedures therein * * *.

"This Court specifically adopts for determination and distribution of the improperly withheld dispensing fees the procedure articulated by the Court in *Bond v Ann*

[4] The procedure set forth in *Bond* is as follows: First, judgment is entered against defendant for the full amount of the unlawfully collected money and interest from the date of collection and taxable costs. Second, taxable and nontaxable costs are deducted and paid from the total judgment. Third, each individual class claimant is paid a ratio of his actual claims, that ratio being the same as the ratio which the remainder of the judgment (after deduction of taxable and nontaxable costs) bears to the total judgment. Forth, any remaining funds are returned to the defendant.

*Arbor School District, supra.* Consistent with *Bond,* this Court enters judgment against defendant in the sum of $446,334.60 (4,463,346 × $.10), plus interest from the date of collection of the same, April 29, 1975. There shall be subtracted from this amount the itemized, Court approved, fees of plaintiffs' attorneys, the costs of notification and distribution to the plaintiff class, and other non-taxable costs. Each party plaintiff on the 'Class List' shall then be paid the percentage amount of their claim which the ratio of the judgment remainder bears to the total judgment. Any funds then outstanding from the total judgment shall be returned to defendant.

"Defendant contends that only those claims specifically reported by those participating party plaintiffs should comprise the refund fund, and moreover that plaintiffs are not entitled to attorneys' fees. However, the cases cited by defendant are either inapplicable or not binding upon this Court. In fact, in *Bond v Ann Arbor School District, supra,* 704, the Michigan Supreme Court stated:

"One of the reasons for requiring a refund of the fees in this case is to provide a fund from which can be paid a reasonable attorney fee to the attorneys for plaintiffs."


Affirmed.
Costs to be paid by defendant.