GRETTENBERGER PHARMACY, INC v BLUE CROSS-BLUE
SHIELD OF MICHIGAN

Docket No. 58849. Submitted June 9, 1982, at Lansing.—Decided
October 7, 1982.

Grettenberger Pharmacy, Inc., hereinafter plaintiff, brought a
class action on behalf of itself and all similarly situated phar-
macies against Blue Cross-Blue Shield of Michigan, hereinafter
defendant. Plaintiff claimed that it and other pharmacies re-
ceived improperly reduced dispensing fees under defendant's
prescription program for services performed between January
1, 1975, and April 29, 1975. The Ingham Circuit Court, Ray C.
Hotchkiss, J., certified the class and subsequently granted
summary judgment to plaintiff. Defendant appealed and the
Court of Appeals affirmed the trial court's decision. 98 Mich
App 1 (1980). The Supreme Court denied leave to appeal. 410
Mich 910 (1981). After the trial court entered an order imple-
menting the judgment, the plaintiff moved for a corrective
order based on GCR 1963, 528.1, requesting that the trial court
correct an alleged clerical error which had resulted in the
omission of Farmer Jack Pharmacies, Inc., from the class list
certified by the trial court. The alleged clerical error was the
failure of plaintiff's attorneys to include Farmer Jack Pharma-
cies, Inc., in the class list filed in the trial court, because they
had misfiled its forms in their office. The Ingham Circuit Court,
Ray C. Hotchkiss, J., ruled that the error alleged was not a
clerical mistake and thus denied plaintiff's motion. Plaintiff
appeals from the order denying its motion. *Held:*

1. The trial court correctly ruled that the error alleged by
the plaintiff was not a clerical mistake and that relief under
GCR 1963, 528.1 was inappropriate.

2. Although the error occurred in the clerical compilation of
the class list, the ensuing court action was based upon that

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts § 56.
   46 Am Jur 2d, Judgments §§ 199, 200, 202.
[3] 4 Am Jur 2d, Appeal and Error § 4 *et seq.*
[4] 46 Am Jur 2d, Judgments §§ 718, 748.

error and the subsequent judgment accurately reflects what was done and decided at the trial court level.

3. Plaintiff should have moved under GCR 1963, 528.3(1) for relief from the trial court's judgment on the basis of mistake or excusable neglect which was clearly present in these circumstances.

4. Since GCR 1963, 820.1, subds (1) and (7) provide the Court of Appeals with the authority to amend judgments and grant such relief as the case may require, the Court of Appeals amended the trial court's judgment and order to direct the defendant to return $8,596.53 to the\ plaintiff for distribution to Farmer Jack Pharmacies, Inc.

Reversed.

M. J. KELLY, P.J., concurred in the finding that relief for clerical mistake under GCR 1963, 528.1 was unavailable in these circumstances. He dissented, however, from the Court's finding that relief should be granted under GCR 1963, 528.3(1). Since a motion for relief under GCR 1963, 528.3(1) was never filed, he feels that the one-year time bar contained in the rule should not have been ignored. He would affirm.

### OPINION OF THE COURT

1. COURTS — JUDGMENTS — RECORDS — CORRECTION OF CLERICAL MISTAKES — COURT RULES.

    The purpose of the court rule which provides for correction of clerical mistakes is to make a trial court's record and judgment accurately reflect what was done and decided at the trial level; where an alleged error is in the court's action itself, as distinguished from the record made of the court's action, the alleged error is not a clerical mistake under the rule (GCR 1963, 528.1).

2. COURTS — JUDGMENTS — RECORDS — CORRECTION OF CLERICAL MISTAKES — COURT RULES.

    A motion under the court rule providing for correction of clerical mistakes is unavailable when a plaintiff is not attempting to change the original judgment to more accurately reflect what was done and decided by the lower court but rather is attempting to add something to the prior judgment which was neither discussed nor decided (GCR 1963, 528.1).

3. COURTS — COURT OF APPEALS — REMEDIES.

    The Court of Appeals is authorized to exercise any or all of the powers of amendment of the court or tribunal below and give any judgment and make any order which ought to have been given or made, and make such other and further orders and

grant such relief, as the case may require (GCR 1963, 820.1, subds [1], [7]).

DISSENT BY M. J. KELLY, P.J.

4. COURTS — JUDGMENTS — RELIEF — COURT RULES.

   *A motion for relief from a judgment, order, or proceeding based upon mistaken, inadvertence, surprise, or excusable neglect shall be made not more than one year after the judgment, order, or proceeding was entered or taken (GCR 1963, 528.3[1]).*

*MacLean, Seaman, Laing & Guilford* (by *Dwight D. Ebaugh*), for plaintiff.

*Butzel, Keidan, Simon, Myers & Grahan* (by *Henry H. Sills*), for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. Plaintiff appeals by right from a circuit court order denying the plaintiff's motion for a corrective order based on GCR 1963, 528.1. We reverse.

This action began in 1975 when the plaintiff sued the defendant, claiming that the plaintiff and other Michigan pharmacies had received improperly reduced dispensing fees for services performed under the defendant's prescription program. Plaintiff was granted a partial summary judgment based on the trial court's finding that the reduced dispensing fees were in breach of contract. Thereafter, the court granted the plaintiff's motion for class certification and approved the class action notice and response and claim forms which were sent to all the potential class members. Farmer Jack Pharmacies, Inc., returned the completed response and claim forms to the plaintiff's attorneys, but it was not included in the class list filed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in the trial court because the plaintiff's attorneys
had misfiled its forms in their office. Plaintiff then
moved for summary judgment, and the court's
opinion granting such confirmed that the class list
(from which the Farmer Jack Pharmacies had
been omitted) represented the complete and accu-
rate identification of those parties plaintiff who
were entitled to share in the judgment. We af-
firmed the court's decision in *Grettenberger Phar-
macy, Inc v Blue Cross-Blue Shield of Michigan,* 98
Mich App 1; 296 NW2d 589 (1980), *lv den* 410
Mich 910 (1981).

After the trial court entered an order imple-
menting the judgment, the plaintiff moved for the
corrective order which is the basis of this appeal,
requesting that the trial court correct the alleged
clerical error which had resulted in the omission
of the Farmer Jack Pharmacies from the class list.
The trial court ruled that the error alleged by the
plaintiff was not a clerical mistake and thus the
plaintiff was not entitled to a corrective order
under GCR 1963, 528.1. We agree.

GCR 1963, 528.1 provides:

".1 Clerical Mistakes. Clerical mistakes in judgments,
orders or other parts of the record and errors therein
arising from oversight or omission may be corrected by
the court at any time of its own initiative or on the
motion of any party and after such notice, if any, as the
court orders. During the pendency of an appeal, such
mistakes may be so corrected before the appeal is
docketed in the appellate court, and thereafter while
the appeal is pending may be so corrected with leave of
the appellate court."

This Court recently addressed the issue of relief
under GCR 1963, 528.1 in *Stokus v Walled Lake
School Dist,* 101 Mich App 431; 300 NW2d 586
(1980), *lv den* 411 Mich 909 (1981). In that case,

the Court noted that the purpose of GCR 1963, 528.1 is:

"* * * to make the lower court record and judgment accurately reflect what was done and decided at the trial level. When the alleged error is in the court's action itself, as distinguished from the record made of the court's action, the alleged error is not a clerical mistake under this rule." 101 Mich App 433. (Citations omitted.)

The Court went on to note that when a plaintiff is not attempting to change the original judgment to more accurately reflect what was done and decided by the lower court but rather is attempting to add something to the prior judgment which was neither discussed nor decided, a motion under GCR 1963, 528.1 is unavailable. *Stokus,* p 434.

We find that the plaintiff here is not attempting to change the original judgment to more accurately reflect what was done and decided at the trial level but is trying to add something to the judgment not discussed below. Plaintiff is attempting to add the Farmer Jack Pharmacies to the class list so that they will be included in the judgment despite the fact that such an addition would decrease the defendant's entitlement to funds returnable under the judgment, which was based upon a list compiled by the plaintiff's attorneys and relied upon by the trial court as complete and accurate. Thus, although the error occurred in the clerical compilation of the class list, the ensuing court action was based upon that error and the subsequent judgment accurately reflects what was done and decided at the trial level—*i.e.,* specified members of a class list were entitled to share in a judgment, with the defendant receiving a calculable sum in return. Under these circumstances,

relief for a clerical mistake under GCR 1963, 528.1 is inappropriate.

We do not, however, intend our holding to deny the plaintiff the relief to which it should be entitled. Plaintiff should have moved under GCR 1963, 528.3(1) for relief from the trial court's judgment and order on the basis of mistake or excusable neglect, which was clearly present in these circumstances. Since GCR 1963, 820.1, subds (1) and (7) provide this Court with the authority to amend judgments and grant such relief as the case may require, we amend the trial court's judgment and order and direct the defendant to return $8,596.53 to the plaintiff for distribution to the Farmer Jack Pharmacies, Inc. We note that this decision results in no injustice to the defendant, whose original liability for wrongfully withheld money remains the same. By correcting this mistake, money will merely be returned to the injured party rather than being retained by the party in breach of contract.

Reversed. No costs.

M. J. KELLY, P.J. *(dissenting)*. I concur in the per curiam opinion's finding that relief for clerical mistake under GCR 1963, 528.1 is unavailable in these circumstances. I respectfully dissent, however, from the Court's finding that relief should be granted under GCR 1963, 528.3(1). Whether relief under this subrule is appropriate should have been briefed and argued before the circuit court.

In addition, any motion under GCR 1963, 528.3(1) must be made not more than one year after the judgment. Whether we consider the judgment as having been entered by the trial court's original opinion dated June 8, 1979, or the order implementing judgment dated April 30, 1981,

makes no difference, because a motion for relief under GCR 1963, 528.3(1) was never made at any time by plaintiff. The motion time bar is ignored by this Court's per curiam opinion, which simply glosses over the limitation by itself granting relief for a motion plaintiff should have made.

I think the majority's approach is procedurally improper. I would hold, therefore, that the trial court did not err in denying plaintiff's motion for a corrective order.

I would affirm.