McDONALD'S CORPORATION v CANTON TOWNSHIP

Docket No. 105672. Submitted March 21, 1989, at Detroit. Decided May 15, 1989.

McDonald's Corporation, whose applications pursuant to a zoning ordinance for special land use approval and site plan approval in connection with a proposed fast-food restaurant in Canton Township were denied by the Canton Township Board of Trustees, brought an action for mandamus in Wayne Circuit Court against Canton Township and its board of trustees. Plaintiff sought the issuance of a writ compelling defendants to grant its applications. The trial court, Henry J. Szymanski, J., entered a judgment dismissing the complaint, but subsequently amended the judgment, pursuant to a motion by plaintiff, so as to allow plaintiff to submit new applications for approval of the proposed project. Plaintiff appealed, claiming that the trial court erred in refusing to issue a writ of mandamus. Defendants cross appealed, claiming that the trial court erred in granting plaintiff's motion to amend the judgment.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in refusing to issue a writ of mandamus. Plaintiff failed to establish that it had a clear legal right to approval of its applications inasmuch as two conditions for special land use approval under the pertinent zoning ordinance were not satisfied, i.e., the board was not convinced by plaintiff that the proposed project was compatible with the capacities of public services and facilities affected by the proposed use and that a community need existed for such special use.

2. The trial court did not err in granting plaintiff's motion to amend the judgment. The motion was timely filed within twenty-one days of entry of the original judgment as required by MCR 2.611(B). Amendment of the original judgment was appropriate under MCR 2.612(A)(1), which provides for the correction of clerical mistakes in judgments so as to make a

REFERENCES

Am Jur 2d, Judgments §§ 770 *et seq.*; Mandamus §§ 39 *et seq.*, 46 *et seq.*, 64, 76-80; Motions, Rules, and Orders §§ 42, 43.
See the Index to Annotations under Mandamus.

judgment accurately reflect what was done and decided in the trial court proceedings. Here, while the trial court refused to issue a writ of mandamus, the court nevertheless intended to allow plaintiff to submit new applications for approval.

3. The amended judgment does not conflict with the res judicata effect of defendants' denial of plaintiff's original applications since the new applications will be supported by new information addressing the requirements which the previous applications failed to satisfy.

Affirmed.

1. MANDAMUS — APPEAL.

The Court of Appeals will not interfere with a trial court's refusal to issue a writ of mandamus absent a clear abuse of discretion.

2. MANDAMUS — MINISTERIAL ACTS.

A writ of mandamus may issue only where a plaintiff has a clear legal right to performance of the specific duty sought to be compelled and a defendant has a clear legal duty to perform such act; the act must be a ministerial one and one where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

3. MANDAMUS — REMEDIES.

Mandamus, being an extraordinary remedy, is properly granted only where there is practically no other remedy, legal or equitable, which might achieve the same result.

4. MOTIONS AND ORDERS — JUDGMENTS — MOTION TO AMEND JUDGMENT — COURT RULES.

A motion to amend a judgment, in order to be deemed timely, must be made within twenty-one days after entry of the judgment (MCR 2.611[B]).

5. JUDGMENTS — ORDERS — CORRECTION OF CLERICAL MISTAKES — COURT RULES.

The purpose of the court rule which provides for correction of clerical mistakes in judgments, orders, or other parts of the record is to make a trial court's record and judgment accurately reflect what was done and decided at the trial level (MCR 2.612[A][1]).

*Schlussel, Lifton, Simon, Rands, Galvin & Jackier* (by *Joseph F. Galvin* and *Anne H. Hiemstra*), for plaintiff.

*Barr, Anhut & Sacks, P.C.* (by *John M. Barr*), for defendants.

Before: BEASLEY, P.J., and GILLIS and BRENNAN, JJ.

BEASLEY, P.J. Plaintiff, McDonald's Corporation, appeals as of right from an order of the Wayne Circuit Court dismissing its complaint. Defendants, Charter Township of Canton and Canton Township Board of Trustees, cross appeal from that portion of the order allowing plaintiff to submit a second special use request to the township.

On April 29, 1987, plaintiff contracted to purchase a parcel of land located in Canton Township upon which it planned to build a fast-food restaurant. The parcel was zoned C-3 (highway oriented commercial use). Fast-food restaurants are permitted in C-3 districts subject to special land use approval and site plan approval by the township board. Plaintiff submitted applications for special use approval and site plan approval. On July 13, 1987, plaintiff's representative presented its proposal to the township planning commission. The planning commission recommended approval of plaintiff's applications. On August 4, 1987, plaintiff's representative presented its proposal to the township board. The board denied plaintiff's applications. On August 19, 1987, plaintiff filed a complaint for mandamus with the Wayne Circuit Court. The trial court dismissed plaintiff's complaint and denied its petition for mandamus with prejudice by order dated October 2, 1987. On November 6, 1987, the trial court granted plaintiff's motion to amend its judgment so as to permit plaintiff to file new applications with the township.

On appeal, plaintiff first contends that the trial court erred in denying its petition for mandamus. This Court will not interfere with a trial court's refusal to issue a writ of mandamus absent a clear

abuse of discretion.[1] In *Carlson v City of Troy,*[2] this Court stated the requirements for a writ of mandamus:

> "Plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have the clear legal duty to perform such act; and it must be a ministerial act, one 'where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.' "

Further, being an extraordinary remedy, mandamus is properly granted only where there is, in practical terms, no other remedy (legal or equitable) which might achieve the same result.[3] Finally, the burden of proving entitlement to the writ is upon the party seeking it.[4]

The pertinent township zoning ordinance, § 5.14(c), states the following with regard to issuance of special land use approvals:

> The Township Board shall permit any use requiring special approval under the terms of this ordinance if such use meets the various specific standards set forth in the various sections of this ordinance pertaining to uses allowed after special approval and if the Township Board finds the proposed use requiring special land use approval:
> 1. Compatible with adjacent uses of land.

---

[1] *Michigan Waste Systems, Inc v Dep't of Natural Resources,* 157 Mich App 746, 760; 403 NW2d 608 (1987), lv den 428 Mich 900 (1987); *Cyrus v Calhoun Co Sheriff,* 85 Mich App 397, 399; 271 NW2d 249 (1978).

[2] 90 Mich App 543, 547; 282 NW2d 387 (1979), quoting *Toan v McGinn,* 271 Mich 28, 34; 260 NW 108 (1935).

[3] *Childers v Kent Co Clerk,* 140 Mich App 131, 135; 362 NW2d 911 (1985).

[4] *Kortering v Muskegon,* 41 Mich App 153, 154; 199 NW2d 660 (1972).

2. Not injurious to adjacent property, surrounding neighborhoods, or the community as a whole.

3. Consistent with and promotes the intent and purpose of this ordinance.

4. Compatible with the natural environment.

5. Compatible with the capacities of public services and facilities affected by the proposed use.

6. A community need exists for such use, at the time the request is made, in the general neighborhood where the proposed use will be located.[5]

The township denied plaintiff's applications due to plaintiff's failure to show that conditions 5 and 6 were met.[6] The transcript of the board's August 4, 1987, meeting reveals its concerns over possible storm sewer (flooding) problems that could arise and over the community's lack of need for the establishment plaintiff proposed.

We find no abuse of discretion in the trial court's denial of plaintiff's petition for mandamus. Plaintiff, resting on the record of its presentation to the board, has failed to establish compliance with the township zoning ordinance and, thus, was unable to establish that it had a clear legal right to approval of its applications. Accordingly, mandamus was properly denied.

Plaintiff also contends that the trial court erred in dismissing its complaint in conjunction with the denial of plaintiff's request for mandamus, since its complaint sought not only mandamus but also

[5] The township ordinance also sets forth specific requirements for fast-food restaurant special uses regarding size, location and layout of the land parcel. It is undisputed that the parcel of land at issue in this case satisfied these specific requirements for fast-food restaurant special uses.

[6] On appeal, plaintiff attempts to argue that condition 6 is, itself, invalid as not authorized by enabling legislation. However, this issue was not raised before the trial court. This Court will not review issues that were not raised before and decided by the trial court. *Bajis v Dearborn*, 151 Mich App 533, 536; 391 NW2d 401 (1986), lv den 426 Mich 874 (1986).

"such other different relief as is fair and equitable." Plaintiff's claim is without merit. Having reviewed plaintiff's complaint, we think it clear that plaintiff's action was in the form of a petition for mandamus—the trial court so interpreted it and so do we. In dismissing the action, the trial court dismissed plaintiff's petition for mandamus, nothing more, nothing less. We find no error.

On cross appeal, defendants contend that the trial court erred in granting plaintiff's motion to amend its judgment so as to permit plaintiff to file new applications with the township concerning the property.

First, defendants argue that the trial court abused its discretion in granting plaintiff's motion to amend the judgment because plaintiff failed to object to the proposed order within seven days, citing MCR 2.602(B)(3), or, in the alternative, because relief from the judgment was not warranted on the basis of any of the grounds set forth in MCR 2.612.

We do not believe that plaintiff's failure to object under the seven-day rule operated to bar or render improper the granting of its subsequent motion to amend the judgment. MCR 2.611(B) controls and states that a motion to amend a judgment must be filed and served within twenty-one days after entry of the judgment. In the within case, the original order and judgment was entered on October 2, 1987. Plaintiff filed its motion to amend on October 22, 1987, claiming that the original order did not comport with the trial court's oral ruling from the bench. Plaintiff's motion was timely filed under MCR 2.611(B).

Further, relief from the original judgment was appropriate under MCR 2.612(A)(1).[7] That rule provides as follows:

_____

[7] On appeal, plaintiff argues that the appropriate ground for relief

Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party and after notice, if the court orders it.

In *Stokus v Walled Lake Bd of Ed*,[8] this Court stated the following with regard to the precursor to the above-quoted rule:

A careful reading of GCR 1963, 528.1 reveals that its purpose is to make the lower court record and judgment accurately reflect what was done and decided at the trial level.

The basis for plaintiff's motion below and the foundation upon which the trial court granted the motion lay in the original order's failure to comport with the trial court's intended and orally expressed ruling. The amendment changed the judgment to more accurately reflect that which was actually done and decided by the trial court. As such, the correction was appropriate under MCR 2.612(A)(1).[9]

Finally, defendants argue that the trial court's amended judgment conflicts with the res judicata effect of the board's denial of plaintiff's applications. In *Winchester v W A Foote Memorial Hospital*,[10] the Court stated:

Under the doctrine of res judicata, circum-

from the trial court's original judgment is that set forth in MCR 2.612(C)(1)(f): "Any other reason justifying relief from the operation of the judgment." However, we believe that resort to this catchall is unnecessary in view of the applicability of the specific grounds of MCR 2.612(A)(1).

[8] 101 Mich App 431, 433; 300 NW2d 586 (1980), lv den 411 Mich 909 (1980).

[9] See *Stokus, supra* at 434.

[10] 153 Mich App 489, 497; 396 NW2d 456 (1986).

stances or arguments that existed, or could have been made, prior to the initial . . . decision simply cannot form the basis for determining that a "material change in circumstances" has occurred.

However, the Court went on to find that a "material change in circumstances" would include the submission of new information to the municipality in response to the reservations which led to the original denial, stating:

> [O]nce facts were reported to the commission indicating that the commission's underlying assumption for rejecting the proposal was in error, "a material change in circumstance" came into being justifying the commission in reversing its first decision.[11]

In the instant case, the trial court's amended order allowing plaintiff to resubmit its applications was proper. Plaintiff's first presentation to the board was incomplete. A review of the record reveals that the board denied plaintiff's applications, in part, because of plaintiff's failure to adequately address the community's need for the project and the project's impact on storm drainage and flooding. The submission of information in response to these concerns would constitute a material change. Consideration of new applications supported by new information would, thus, not run afoul of the edicts of the doctrine of res judicata. The trial court's amended judgment is not erroneous on this basis.

Affirmed.

---

[11] *Id.* at 499.