# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXANDRA NATHALIE BEDFORD,

     Plaintiff-Appellant,

v

ABEDEL KARIM ABUSHMAIES,

     Defendant-Appellee.

UNPUBLISHED
May 19, 2015

Nos. 319780 & 321912
Kalamazoo Circuit Court
LC No. 2007-007244-DM

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

In Docket No. 321912, plaintiff appeals by leave granted[1] the trial court's December 9, 2013 order granting defendant's motion for the clarification of the parties' judgment of divorce. In Docket No. 319780, plaintiff appeals by right the trial court's grant of attorney fees to defendant. We affirm.

On April 29, 2007, Amal Sarsour, defendant's sister, and her husband Akram Sarsour transferred a property in Wisconsin ("Wisconsin property") to defendant by warranty deed. On October 11, 2007, plaintiff filed her complaint for divorce from defendant. Five days later, on October 16, 2007, defendant transferred ownership of the Wisconsin property back to Amal Sarsour via quitclaim deed.

On December 12, 2008, plaintiff executed an affidavit of ownership interest regarding the Wisconsin property. Plaintiff averred that defendant had received an interest in the property on April 29, 2007, that defendant conveyed his interest in the property on October 16, 2007, and that, during that time period, defendant was married to her.

On December 29, 2008, the trial court entered a judgment of divorce based upon the settlement of the parties. The judgment included a section titled "Dower Release, Estate and Property Rights Release," and within that section was the following paragraph:

---

[1] *Bedford v Abushmaies*, unpublished order of the Court of Appeals, entered October 28, 2014 (Docket No. 321912).

-1-

IT IS FURTHER ORDERED AND ADJUDGED, pursuant to and in accordance with the provisions of MCL 552.101 (MSA 25.131), that in lieu and in satisfaction of any and all dower or other rights or claims, either or both parties hereto shall hold any and all interest in any and all property he or she may now or hereafter own free, clear and discharged of any right or claim whatsoever the other party may have in or to such property.

Under this paragraph, a handwritten parenthetical was added stating that the paragraph above would "Include[e] the Wisconsin property in the name of Amal Sarsour" and initialed by plaintiff and defendant. The judgment of divorce also included a release provision: "**Mutual Release:** The parties hereby release each other from any and all claims that they may have against each other except the obligations that are stated in this agreement. Said release shall include, but not be limited to, any intentional and/or unintentional acts. Said claims shall be forever barred."

On December 30, 2008, the day after the judgment of divorce was entered, Amal transferred ownership of the Wisconsin property to defendant via quitclaim deed.

On July 12, 2013, pursuant to MCR 2.613(A)(1), defendant moved the trial court for a clarification of the judgment of divorce. Defendant argued that he needed the trial court to clarify the judgment of divorce to include a legal description of the Wisconsin property so that he could enforce the judgment in regard to the Wisconsin property. In response, plaintiff moved the trial court for partial relief from the judgment of divorce under MCR 2.612(C)(1)(c) and (1)(f) based on an allegation that defendant and Amal conspired to fraudulently transfer the Wisconsin property despite the fact that it was a marital asset.

On December 9, 2013, the trial court entered an order granting defendant's motion for a clarification of the judgment of divorce that served to terminate plaintiff's affidavit of interest regarding the Wisconsin property. The trial court denied plaintiff's request for relief from the judgment of divorce and ordered that plaintiff pay defendant's attorney fees.

On appeal, plaintiff challenges the trial court's grant of a clarification of the judgment of divorce under MCR 2.612(A)(1) based on her argument that she should have been granted relief from the judgment of divorce under MCR 2.612(C)(1)(c).[2] We review a decision made pursuant to MCR 2.612 for an abuse of discretion. *Detroit Free Press, Inc v Dep't of State Police*, 233 Mich App 554, 556; 593 NW2d 200 (1999).

MCR 2.612(C)(1) provides: "On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following

---

[2] In her reply brief in docket no. 321912, plaintiff raises for the first time on appeal the argument that she was entitled to relief from the judgment of divorce under MCR 2.612(C)(1)(f). Because plaintiff's argument is merely contained within her reply brief, this argument is not properly before us. *Bronson Methodist Hosp v Michigan Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).

grounds . . . (c) [f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." "A trial court may relieve a party from a final judgment, order, or proceeding on grounds of fraud, misrepresentation, or other misconduct of the adverse party pursuant to MCR 2.612(C)(1)(c)." *Kiefer v Kiefer*, 212 Mich App 176, 179; 536 NW2d 873 (1995). However, MCR 2.612(C)(2) provides that a motion for relief from judgment "must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken." "If a party suspects that the other party has committed fraud during a divorce proceeding, then MCR 2.612(C)(1)(c) and (2) allows the party to seek redress within one year after the judgment is entered." *Nederlander v Nederlander*, 205 Mich App 123, 126-127; 517 NW2d 768 (1994). In this case, the judgment of divorce was entered on December 29, 2008, and plaintiff did not move for relief under MCR 2.612(C)(1)(c) until July 29, 2013. Plaintiff's argument on appeal that the one-year period for raising a motion under MCR 2.612(C)(1)(c) should have been tolled is unpersuasive because it is based on a nonbinding, unpublished opinion of this Court that presents factual circumstances different than those in the instant case. Thus, plaintiff's motion for relief from judgment was untimely and she is not entitled to relief under MCR 2.612(C)(1)(c). *Id*. While the trial court did not deny plaintiff's MCR 2.612(C)(1)(c) motion based on the untimeliness of the motion, we need not reverse where the right result is reached even if for the wrong reason. *Taylor v Laban*, 241 Mich App 449, 458; 616 NW2d 229 (2000).

In addition, the trial court had and properly executed its authority to include the Wisconsin property description in the judgment of divorce. MCR 2.612(A)(1) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party and after notice, if the court orders it." Application of MCR 2.612(A)(1) is proper "to make the lower court record and judgment accurately reflect what was done and decided at the trial level." *McDonalds Corp v Canton Twp*, 177 Mich App 153, 159; 441 NW2d 37 (1989), quoting *Stokus v Walled Lake Sch Dist Bd of Ed*, 101 Mich App 431, 433; 300 NW2d 586 (1980). Here, the clarification of the judgment of divorce to include a legal description of the Wisconsin property for the purpose of allowing defendant to exercise his ownership of the property was proper because it reflected the parties' original settlement. *Id*. Thus, the trial court did not abuse its discretion in granting defendant's motion for clarification under MCR 2.612(A)(1). *Detroit Free Press, Inc*, 233 Mich App at 556.

Plaintiff next argues that the trial court erred in granting defendant attorney fees. "A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 533; 773 NW2d 57 (2009).

Generally, absent an exception, each party in a civil dispute bears its own attorney fees. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). MCR 2.114(F) provides that "a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)." MCR 2.625(A)(2) provides: "In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." Thus, "MCR 2.625(A)(2) provides that if the court finds that an action or defense is frivolous, it must award costs as provided by MCL 600.2591." *Yee v Shiawassee Co*

*Bd of Comm'rs*, 251 Mich App 379, 407; 651 NW2d 756 (2002). MCL 600.2591 provides, in pertinent part:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.
>
> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.
>
> (3) As used in this section:
>
> (a) "Frivolous" means that at least 1 of the following conditions is met:
>
> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.

A claim is frivolous under MCL 600.2591 when "the party's position was devoid of arguable legal merit." *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 35-36; 666 NW2d 310 (2003). "Sanctions for bringing a frivolous action are warranted where the plaintiff, on the basis of a ruling in another case, has reason to believe that an action against the defendant lacks merit." *Farmers Ins Exch v Kurzmann*, 257 Mich App 412, 423; 668 NW2d 199 (2003).

Plaintiff argued that she was entitled to relief under MCR 2.612(C)(1)(c) because defendant perpetrated fraud. However, as discussed, plaintiff's motion for relief from judgment under MCR 2.612(C)(1)(c) was untimely and she was not entitled to relief. *Nederlander*, 205 Mich App at 126-127. Accordingly, sanctions for bringing a motion for relief from judgment under MCR 2.612(C)(1)(c) were appropriate because plaintiff had reason to believe that the motion lacked merit based on our ruling in *Nederlander*. *Farmers Ins Exch*, 257 Mich App at 423. And, plaintiff does not argue that she was entitled to relief from the judgment of divorce on any other ground in the consolidated cases before us.

Moreover, in a 2009 opinion that dismissed a personal protection order plaintiff sought against respondent and sanctioned her, the trial court wrote:

> The court finds that [plaintiff] wholly lacking in credibility and believes the [plaintiff] manipulated the court system to alienate the [defendant] father from his children, which she has effectively done. It is this court's opinion that the [plaintiff] has staged as many of these incidents as possible by refusing to allow

the [defendant] to exercise his court-ordered visitation. . . .  The court  finds this
to be unconscionable behavior.

In light of the frivolity of her instant action and her previous willingness to pursue frivolous claims against defendant, we conclude that plaintiff has not demonstrated clear error in the trial court's grant of defendant's attorney fees.  *1300 LaFayette East Coop, Inc*, 284 Mich App at 533.

Affirmed.  Defendant may tax costs.  MCR 7.219(A).


/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro